■ Yvonne Modeste, as Administrator of the Estate of Joseph Edwards, Deceased, Appellant, v Mega Contracting, Inc., et al., Respondents, et al., Defendant. (And Other Actions.) [835 NYS2d 156]—

Order, Supreme Court, Bronx County (Barry Salman, J.), entered April 27, 2005, which, to the extent appealed from as limited by the briefs, granted defendants-respondents' motions for summary judgment dismissing plaintiff's claims under Labor Law § 240 (1) and § 241 (6), and denied plaintiff's cross motion for summary judgment on her section 240 (1) claim, unanimously modified, on the law, to deny defendants' motions with respect to the Labor Law § 241 (6) claim insofar as it is based on 12 NYCRR 23-9.8 (a) and (b), and otherwise affirmed, without costs.

Plaintiff's decedent was thrown from the roof of a piece of heavy machinery called a "Bobcat" (a skid loader, with a forklift attachment) when the machine lurched. The Bobcat was not being used to facilitate access to a different elevation level for the decedent or his materials, but rather to transport materials from one work location to another, lifting the materials no more than 10 inches off the ground. As such, it did not entail the kind of elevation-related hazard contemplated by section 240 (1) (*see Toefer v Long Is. R.R.*, 4 NY3d 399, 408-409 [2005]; *Dilluvio v City of New York*, 264 AD2d 115, 118-119 [2000], *affd* 95 NY2d 928 [2000]; *Hargobin v K.A.F.C.I. Corp.*, 282 AD2d 31 [2001]).

Supreme Court correctly dismissed those parts of the Labor Law § 241 (6) claim premised on violations of 12 NYCRR 23-1.8 (c) (1); 23-9.7 (c) and (e) and 23-9.2 (c). Section 23-1.8 (c) (1) states that "Every person required to work or pass within any area where there is a danger of being struck by falling objects or materials or where the hazard of head bumping exists shall be provided with and shall be required to wear an approved safety hat." This regulation is not applicable here since the

decedent's injuries were not caused by a falling object or material or other head-bumping hazard (*cf. Sikorski v Burroughs Dr. Apts.*, 306 AD2d 844, 845 [2003]; *Fowler v CCS Queens Corp.*, 279 AD2d 505 [2001]). Similarly, the subdivisions of section 23-9.7 asserted by plaintiff are not applicable because that regulation does not apply to forklifts (*see Fitzgerald v New York City School Constr. Auth.*, 18 AD3d 807 [2005], *lv denied* 8 NY3d 801 [2007]; *Scott v American Museum of Natural History*, 3 AD3d 442 [2004]). Section 23-9.2 (c) is legally insufficient to support a Labor Law § 241 (6) because it merely sets forth a general safety standard (*Armer v General Elec. Co.*, 241 AD2d 581, 583 [1997], *lv denied* 90 NY2d 812 [1997]; *see also Fairchild v Servidone Constr. Corp.*, 288 AD2d 665 [2001]). However, since none of the moving defendants' papers specifically addressed the alleged violations of 12 NYCRR 23-9.8 (a) and (b), relating to permissible load expectations of lift and fork trucks, defendants failed to make a prima facie showing of entitlement to judgment as a matter of law dismissing the section 241 (6) cause of action insofar as it is based on those regulations (*see Piazza v Frank L. Ciminelli Constr. Co., Inc.*, 2 AD3d 1345, 1349 [2003]), and we modify accordingly. Concur—Mazzarelli, J.P., Andrias, Sullivan, Williams and McGuire, JJ.