■ GLEN POTTER, Appellant-Respondent, v JAY E. POTTER LUMBER CO., INC., Respondent, and JAMES LEATON et al., Doing Business as LEATON FARMS, Appellants. (Appeal No. 1.) [900 NYS2d 207]—

Appeals from a judgment of the Supreme Court, Wyoming County (Mark H. Dadd, A.J.), entered March 26, 2009 in a personal injury action. The judgment, inter alia, dismissed the amended complaint and the cross claim against defendant Jay E. Potter Lumber Co., Inc. following a jury trial.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries he sustained while constructing a barn on property owned by defendants James Leaton and Alan Leaton, doing business as Leaton Farms (hereafter, Leaton defendants). Plaintiff's employer, R&R Precision Construction (R&R), entered into a contract with defendant Jay E. Potter Lumber Co., Inc. (Potter Lumber) to supply building materials for the project, including aluminum sheeting to construct the roof of the barn. On the date of the accident, an employee of Potter Lumber delivered a load of aluminum sheeting to the construction site on a flatbed truck. R&R used a forklift to unload the aluminum, and four R&R employees, including plaintiff, positioned themselves on the back of the forklift to act as counterweights for the load. After the forklift lifted the aluminum sheeting off of the flatbed truck, the load became unstable and the forklift tipped forward, catapulting plaintiff approximately 10 feet into the air. Plaintiff landed on the aluminum sheeting in front of the forklift.

In appeal No. 1, plaintiff and the Leaton defendants contend that Supreme Court erred in denying their post-trial motions to set aside the jury verdict finding that Potter Lumber was negligent but that its negligence was not a substantial factor in causing the accident. The judgment in appeal No. 1, inter alia, dismissed the amended complaint and the cross claim against Potter Lumber. In appeal No. 2, the Leaton defendants contend that the court erred in granting plaintiff's motion for a directed verdict against them on liability with respect to Labor Law § 240 (1) at the close of proof.

Addressing first appeal No. 2, the Leaton defendants contend that Labor Law § 240 (1) does not apply here because plaintiff neither fell from an elevated work surface nor was struck by a falling object. We reject that contention. "Labor Law § 240 (1) was designed to prevent those types of accidents in which the scaffold, hoist, stay, ladder or other protective device proved inadequate to shield the injured worker *from harm directly flowing from the application of the force of gravity to an object or person*" (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501 [1993]). Here, the forklift had a rated operating capacity of 1,500 pounds and proved inadequate to lift the 2,780-pound load of aluminum sheeting. As a result, the forklift operator was unable to control the descent of the load, and the forklift tipped forward, catapulting plaintiff into the air. Thus, "the harm [to plaintiff] flow[ed] directly from the application of the force of gravity" to the load of aluminum hoisted by the forklift (*Runner v New York Stock Exch., Inc.*, 13 NY3d 599, 604 [2009]).

Two experts, as well as several employees of R&R, testified at trial that R&R should have used a truss crane to unload the aluminum sheeting in a safe manner. We thus conclude that the load "fell, while being hoisted . . . , *because of* the absence or inadequacy of a safety device of the kind enumerated in [section 240 (1)]" (*Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 268 [2001]; *see Bilderback v Agway Petroleum Corp.*, 185 AD2d 372, 373 [1992], *lv dismissed* 80 NY2d 971 [1992]).

In appeal No. 1, we note that the Leaton defendants and plaintiff contend on appeal that the verdict with respect to the negligence of Potter Lumber was both inconsistent and against the weight of the evidence. Their contention concerning inconsistency is unpreserved for our review, however, because they failed to object to the verdict on that ground before the jury was discharged (*see Skowronski v Mordino*, 4 AD3d 782 [2004]). In any event, we conclude that the verdict with respect to Potter Lumber's negligence was neither inconsistent nor against the weight of the evidence. "A jury finding that a party was negligent but that such negligence was not a proximate cause of the accident is inconsistent and against the weight of the evidence only when the issues are so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause" (*id.* at 783 [internal quotation marks omitted]). Moreover, "[w]here . . . 'an apparently inconsistent or illogical verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view' " (*Mascia v Olivia*, 299 AD2d 883, 883 [2002]).

Here, "the jury's findings are supported by a reasonable view of the evidence and are not inconsistent as a matter of law" (*Reynolds v Burghezi*, 227 AD2d 941, 943 [1996]; *see Lemberger v City of New York*, 211 AD2d 622 [1995]). The jury reasonably could have found that the negligence of Potter Lumber's employee in failing to ascertain the weight of the load was not a substantial factor in causing the accident. The trial testimony established that none of R&R's employees asked the Potter Lumber employee how much the load weighed, that they did not know the load capacity of the forklift, and that they decided to use the forklift despite the fact that they knew the load would be too heavy without the four employees as counterweights. It also would have been reasonable for the jury to find that Potter Lumber's negligence in loading the aluminum sheeting in an improper manner was not a substantial factor in causing the accident because it occurred during the unloading process. We thus conclude that " 'the finding of proximate cause did not in-

evitably flow from the finding of culpable conduct' " (*Skowron-ski*, 4 AD3d at 783). Present—Scudder, P.J., Peradotto, Carni, Green and Gorski, JJ.