ANGEL L. SANTIAGO, Appellant, v RUSCIANO & SON, INC., et al., Respondents. [938 NYS2d 557]—

Plaintiff was injured when, while boarding up windows to make the subject premises uninhabitable and to protect it from vandalism in anticipation of demolition, he fell several feet from a ladder. Plaintiff's accident fell within the purview of section 240 (1), since the ladder supplied to plaintiff slipped out from underneath him and did not offer proper protection (*see Kijak v 330 Madison Ave. Corp.*, 251 AD2d 152, 153 [1998]; *see also Velasco v Green-Wood Cemetery*, 8 AD3d 88, 89 [2004]). Moreover, plaintiff was "altering" the premises within the meaning of Labor Law § 240 (1). He was engaged in activities designed to prepare and secure the premises' windows for demolition, thereby "making a *significant* physical change to the configuration or composition of the building" (*Joblon v Solow*, 91 NY2d 457, 465 [1998]; *see Belding v Verizon N.Y., Inc.*, 14 NY3d 751, 752 [2010]).

The Labor Law § 241 (6) cause of action was improperly dismissed. Plaintiff was performing work on the premises as it was being prepared for demolition.

Plaintiff's Labor Law § 200 claim was properly dismissed. The accident did not arise from a dangerous condition of the premises and the Owners did not direct or control plaintiff's work (*see Campuzano v Board of Educ. of City of N.Y.*, 54 AD3d 268, 269 [2008]). Concur—Mazzarelli, J.P., Catterson, Renwick, Abdus-Salaam and Manzanet-Daniels, JJ.