■ BRAULIO MILTON PENARANDA, Appellant-Respondent, v 4933 REALTY, LLC, Respondent-Appellant/Third-Party Plaintiff-Respondent-Appellant. NY CONSTRUCTION WORK INC., Doing Business as K&S CONSTRUCTION, Third-Party Defendant-Respondent. [981 NYS2d 690]—

Order, Supreme Court, New York County (Joan M. Kenney, J.), entered September 13, 2012, which granted defendant-respondent landlord's motion for summary judgment dismissing plaintiff's complaint and granted third-party defendant tenant's motion to dismiss the third-party complaint against it, unanimously modified, on the law, to the extent of reinstating the Labor Law § 240 (1) claim and denying third-party defendant's motion to dismiss the third-party complaint, and otherwise affirmed, without costs.

Plaintiff was injured while employed by third-party defendant tenant K&S Construction when he was thrown from a Bobcat inside defendant's warehouse. Defendant landlord had contracted with third-party defendant tenant, plaintiff's employer, to construct a concrete curb around the perimeter of the nearby parking lot. Plaintiff was helping to remove plywood, which was allegedly interfering with the construction project, and was positioned on the Bobcat in order to provide balance or serve as a counterweight for the plywood on the Bobcat's front forks. He was thrown off when the two back wheels of the Bobcat lifted up unexpectedly.

The issue here is whether plaintiff was engaged in construction work when removing the plywood so as to afford him the protection of the Labor Law. Cases have held that "construction" includes certain ancillary work that is "necessary and incidental" to or "an integral part of" a construction project (*Johnson v Rapisarda*, 262 AD2d 365, 365 [2d Dept 1999]; *Curley v Gateway Communications*, 250 AD2d 888, 890 [3d Dept 1998]). Here, it is unclear whether plaintiff's removal of the plywood was sufficiently related to the construction project. Accordingly, there is a question of fact as to whether plaintiff was engaged in work that was "necessary and incidental" or an integral part of constructing the curb sufficient to accord Labor Law protection.

Assuming that plaintiff was engaged in such work, we find that falling from the Bobcat is the type of gravity related event contemplated by the Court of Appeals in *Runner v New York Stock Exch., Inc.* (13 NY3d 599 [2009]). In *Potter v Jay E. Potter Lbr. Co., Inc.* (71 AD3d 1565 [4th Dept 2010]), the Fourth Department, relying on *Runner*, similarly found that a worker, who like plaintiff here, was positioned as a counterweight for a load on a forklift and was catapulted forward when the forklift became unstable, was entitled to the protection of Labor Law § 240 (1). To the extent that our holding in *Modeste v Mega Contr., Inc.* (40 AD3d 255 [2007]), is to the contrary, we depart from it based on the holding in *Runner.*

The provisions of the Industrial Code invoked by plaintiff do not support his Labor Law § 241 (6) claim, and, accordingly, that claim was properly dismissed (*see Hricus v Aurora Contrs., Inc.*, 63 AD3d 1004 [2009] [12 NYCRR 23-9.2 (b) (1) requirements are merely restatement of common-law rule]; *Modeste*, 40 AD3d 255 [2007] [12 NYCRR 23-9.2 (c) excessive loading prohibitions insufficient to support Labor Law § 241 (6) claim]).

The third-party complaint for indemnity should not have been dismissed. It has not been determined whether plaintiff was engaged in performing work under the construction contract and whether defendant landlord had any direct role. Defendant landlord alleges that it is entitled to contractual indemnity pursuant to the construction agreement between it and third-party defendant K&S. We note that defendant landlord did not plead entitlement to indemnity pursuant to the lease. Concur—Mazzarelli, J.P., Acosta, Renwick, Freedman and Manzanet-Daniels, JJ.