# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**262**

**CA 13-01366**

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, VALENTINO, AND WHALEN, JJ.

---

BRIAN HYATT, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

DANIEL YOUNG, DOING BUSINESS AS CY
CONSTRUCTION, DEFENDANT-RESPONDENT.

---

FARACI LANGE, LLP, ROCHESTER (JOSEPH A. REGAN OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

LACY KATZEN LLP, ROCHESTER (JOHN M. WELLS OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

-------------------------------------------------------------------------------

Appeal from an order and judgment (one paper) of the Supreme Court, Monroe County (Thomas A. Stander, J.), entered November 19, 2012. The order and judgment, insofar as appealed from, denied that part of the motion of plaintiff seeking partial summary judgment on liability on his Labor Law § 240 (1) claim and granted that part of the cross motion of defendant seeking summary judgment dismissing that claim.

It is hereby ORDERED that the order and judgment insofar as appealed from is unanimously reversed on the law without costs, that part of the cross motion for summary judgment dismissing the Labor Law § 240 (1) claim is denied, that claim is reinstated, and that part of the motion seeking partial summary judgment on liability on that claim is granted.

Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries he sustained while delivering materials for a roofing project. Plaintiff was unloading roofing supplies using a conveyor on a flatbed truck, and the accident occurred when plaintiff attempted to raise a four-foot by eight-foot plywood sheet onto the roof. The plywood became unbalanced on the conveyor and, as plaintiff attempted to steady it, he fell from the bed of the flatbed truck to the ground five feet below and sustained injuries. Supreme Court denied plaintiff's motion for partial summary judgment on the issue of liability on all of plaintiff's claims and granted defendant's cross motion for summary judgment dismissing the complaint. We note at the outset that, as limited by his brief, plaintiff appeals from the order and judgment insofar as it granted defendant's cross motion and denied that part of his motion seeking partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1). We agree with plaintiff.

Although flatbed trucks "d[o] not present the kind of elevation-related risk that the statute contemplates" (*Toefer v Long Is. R.R.*, 4 NY3d 399, 408), the accident in this case was caused by a falling object, which distinguishes this case from *Toefer* (*cf. Brownell v Blue Seal Feeds, Inc.*, 89 AD3d 1425, 1426-1427).  The accident that caused plaintiff's injuries "flow[ed] directly from the application of the force of gravity to the object" (*Runner v New York State Stock Exch., Inc.*, 13 NY3d 599, 604; *see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501).  In other words, the injuries were the result of "the direct consequence of a failure to provide statutorily required protection against a risk plainly arising from a workplace elevation differential" (*Runner*, 13 NY3d at 605).  Inasmuch as plaintiff established that the plywood fell while being hoisted because of the absence or inadequacy of a safety device of the kind enumerated in the statute, we conclude that he is entitled to summary judgment on the section 240 (1) claim (*see generally Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 268).

As an alternative ground for affirmance (*see generally Parochial Bus. Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 546), defendant contends that he cannot be held liable because he did not direct or control the method of unloading the roofing materials.  We reject that contention.  Defendant was the roofing contractor at the job site and purchased supplies from plaintiff's employer.  It is well settled that a contractor's duties under Labor Law § 240 (1) are nondelegable, and a contractor may be held liable regardless of whether he actually exercised supervision or control over the work (*see Ross*, 81 NY2d at 500).  As a further alternative ground for affirmance, defendant contends that plaintiff was not engaged in a protected activity under Labor Law § 240 (1) at the time of the accident.  We reject that contention inasmuch as plaintiff's work in unloading the roofing material is a protected activity under the statute (*see Orr v Christa Constr.*, 206 AD2d 881, 881).

Entered:  May 2, 2014                          Frances E. Cafarell
                                               Clerk of the Court