Order, Supreme Court, New York County (Joan M. Kenney, J.), entered September 13, 2012, which granted defendant-respondent landlord’s motion for summary judgment dismissing plaintiffs complaint and granted third-party defendant tenant’s motion to dismiss the third-party complaint against it, unanimously modified, on the law, to the extent of reinstating the Labor Law § 240 (1) claim and holding the motion to dismiss the third-party complaint for indemnification in abeyance, and otherwise affirmed, without costs.
Plaintiff was injured while employed by third-party defendant tenant K&S Construction when he was thrown from a “Bobcat” front-end loader. Defendant landlord had contracted with third-party defendant tenant, plaintiff’s employer, to construct a concrete curb around the perimeter of the nearby parking lot. Plaintiff was helping to remove plywood, which was allegedly *597 interfering with the construction project, and was positioned on the Bobcat in order to provide balance or serve as a counterweight for the plywood in the Bobcat’s front bucket. He was thrown off when the two back wheels of the Bobcat lifted up unexpectedly.
The issue is whether plaintiff was engaged in construction work when moving the plywood so as to afford him the protection of the Labor Law. If, as plaintiff alleges, the plywood was being moved to clear the work site where the curb was under construction, plaintiff was “altering” the premises within the meaning of Labor Law § 240 (1) (see Santiago v Rusciano & Son, Inc., 92 AD3d 585, 586 [1st Dept 2012]). Since the landlord and K&S Construction submitted evidence that the accident occurred in the warehouse and that the construction work and plaintiffs activity were unrelated, a question of fact has been raised.
Assuming that plaintiff was engaged in construction work, we find that falling from the Bobcat is the type of gravity-related event contemplated by the Court of Appeals in Runner v New York Stock Exch., Inc. (13 NY3d 599 [2009]). In Potter v Jay E. Potter Lbr. Co., Inc. (71 AD3d 1565 [4th Dept 2010]), the Fourth Department, relying on Runner, similarly found that a worker, who like plaintiff here, was positioned as a counterweight for a load on a forklift and was catapulted forward when the forklift became unstable, was entitled to the protection of Labor Law § 240 (1). To the extent that our holding in Modeste v Mega Contr., Inc. (40 AD3d 255 [2007]), is to the contrary, we depart from it based on the holding in Runner.
The provisions of the Industrial Code (12 NYCRR) invoked by plaintiff do not support his Labor Law § 241 (6) claim, and, accordingly, that claim was properly dismissed (see Hricus v Aurora Contrs., Inc., 63 AD3d 1004 [2d Dept 2009] [12 NYCRR 23-9.2 (b) (1) requirements are merely restatement of common-law rule]; Modeste, 40 AD3d at 256 [12 NYCRR 23-9.2 (c) excessive loading prohibitions insufficient to support Labor Law § 241 (6) claim]).
The motion to dismiss the third-party complaint for indemnity should be held in abeyance pending the determination of whether plaintiff was engaged in performing work under the construction contract and whether defendant landlord had any direct role. Defendant landlord alleges that it is entitled to contractual indemnity pursuant to the construction agreement between it and third-party defendant K&S. We note that defendant landlord did not plead entitlement to indemnity pursuant to the lease.
*598 The decision and order of this Court entered herein on March 11, 2014 is hereby recalled and vacated (see 2014 NY Slip Op 75845[U] [decided simultaneously herewith]).
Concur—Mazzarelli, J.E, Acosta, Renwick, Freedman and Manzanet-Daniels, JJ.