■ Oleg Treile, Appellant, v Brooklyn Tillary, LLC, et al., Respondents, et al., Defendants. [992 NYS2d 345]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, (1) from so much of an order of the Supreme Court, Kings County (Ruchelsman, J.), dated June 28, 2012, as granted those branches of the cross motion of the defendants Brooklyn Tillary, LLC, and Leviathan Construction Management Services, LLC, which were for summary judgment dismissing the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 240 (1), and violations of Labor Law § 241 (6) insofar as predicated on alleged violations of 12 NYCRR 23-1.32, 23-6.2 (c) and (d); 23-6.1 (j) (1); 23-2.1 (a) (2) and 23-8.2 (c) (3) insofar as asserted

against them, and denied those branches of his separate cross motion which were for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6) insofar as asserted against the defendants Brooklyn Tillary, LLC, and Leviathan Construction Management Services, LLC, and (2) from so much of an order of the same court dated October 12, 2012 as denied his cross motion for leave to reargue.

Ordered that the appeal from so much of the order dated October 12, 2012, as denied the plaintiff's cross motion for leave to reargue is dismissed, without costs or disbursements, as no appeal lies from an order denying leave to reargue; and it is further,

Ordered that the order dated June 28, 2012, is modified, on the law, (1) by deleting the provisions thereof granting those branches of the cross motion of the defendants Brooklyn Tillary, LLC, and Leviathan Construction Management Services, LLC, which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against them and the cause of action alleging common-law negligence and a violation of Labor Law § 200 insofar as asserted against the defendant Leviathan Construction Management Services, LLC, and substituting therefor a provision denying those branches of the cross motion, and (2) by deleting the provision thereof denying the branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on the Labor Law § 240 (1) cause of action insofar as asserted against the defendants Brooklyn Tillary, LLC, and Leviathan Construction Management Services, LLC, and substituting therefor a provision granting that branch of the plaintiff's cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff alleges that he was injured while he and his coworkers were unloading a bundle of steel reinforcing bars, commonly known as rebar, from a flatbed truck in the course of his employment on a construction project managed by the defendant Leviathan Construction Management Services, LLC (hereinafter Leviathan), at a work site owned by the defendant Brooklyn Tillary, LLC (hereinafter Tillary). Following the issuance of a partial "stop work" order by the New York City Department of Buildings earlier on the day of the accident due to "HOISTING IN [AN] UNSAFE MANNER USING SLICED NYLON STRAPS," the plaintiff and his coworkers were prevented from using a crane to lift the bundles, which allegedly weighed approximately 8,000 to 10,000 pounds each, and

measured approximately 40 feet in length. Instead, the workers began using crow bars to roll the bundles of rebar off of the wooden "four-by-four" planks on which they were resting on the bed of the truck, which was four or five feet above the ground. As one of the bundles began to fall from the truck, the shift in weight allegedly caused one of the wooden planks to catapult the plaintiff approximately 15 feet in the air from the bed of the truck, where he had been standing on that plank. The plaintiff allegedly fell 19 to 20 feet to the ground, and was immediately thereafter struck by the same four-by-four plank when it fell onto his back.

The plaintiff commenced this action against Tillary and Leviathan (hereinafter together the Tillary respondents), among others, to recover damages for violations of Labor Law §§ 240 (1); 241 (6) and 200, and common-law negligence. The Tillary respondents cross-moved for summary judgment dismissing the complaint insofar as asserted against them, and the plaintiff separately cross-moved for summary judgment on the issue of liability on his causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6). In an order dated June 28, 2012, the Supreme Court granted those branches of the Tillary respondents' cross motion which were for summary judgment dismissing the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 240 (1) and for violations of Labor Law § 241 (6) insofar as predicated on alleged violations of 12 NYCRR 23-1.32, 23-6.2 (c) and (d); 23-6.1 (j) (1); 23-2.1 (a) (2) and 23-8.2 (c) (3) insofar as asserted against them, and denied the plaintiff's cross motion.

"Labor Law § 240 (1) was designed to prevent those types of accidents in which the scaffold, hoist, stay, ladder or other protective device proved inadequate to shield the injured worker *from harm directly flowing from the application of the force of gravity to an object or person*" (*Runner v New York Stock Exch., Inc.*, 13 NY3d 599, 604 [2009], quoting *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501 [1993]). "The relevant inquiry—one which may be answered in the affirmative even in situations where the object does not fall on the worker—is rather whether the harm flows directly from the application of the force of gravity to the object" (*Runner v New York Stock Exch., Inc.*, 13 NY3d at 604; *see Wilinski v 334 E. 92nd Hous. Dev. Fund Corp.*, 18 NY3d 1, 10 [2011]).

The launch of the plaintiff from the truck along with the wooden "four by four" plank upon which he was standing flowed directly from the application of the force of gravity to the bundle of rebar (*see Wilinski v 334 E. 92nd Hous. Dev. Fund*

*Corp.*, 18 NY3d 1, 10 [2011]; *Runner v New York Stock Exch., Inc.*, 13 NY3d at 604; *see also Penaranda v 4933 Realty, LLC*, 118 AD3d 596, 597 [2014]; *Potter v Jay E. Potter Lbr. Co., Inc.*, 71 AD3d 1565, 1566 [2010]). The elevation differential between the flatbed truck and the ground was significant given the 8,000-to-10,000-pound weight of the bundles of rebar, and the amount of force they were capable of generating, "even over the course of a relatively short descent" (*Runner v New York Stock Exch., Inc.*, 13 NY3d at 605; *Gutman v City of New York*, 78 AD3d 886, 887 [2010]; *see Farrington v Bovis Lend Lease LMB, Inc.*, 51 AD3d 624, 626 [2008] [there were triable, material issues of fact as to whether there was an elevation-related risk posed by the position of certain wooden planks when they fell off of a flatbed truck and struck the plaintiff, who was standing on the ground]).

The causal connection between the bundles' "inadequately regulated descent and plaintiff's injury" was unmediated by any safety device, such as the crane that had hoisted the bundles earlier in the day (*Runner v New York Stock Exch., Inc.*, 13 NY3d at 605; *see Francis v Foremost Contr. Corp.*, 47 AD3d 672, 674 [2008]).

The plaintiff's evidence established, prima facie, that the Tillary respondents violated Labor Law § 240 by failing to provide an enumerated safety device, such as the hoist that had been provided earlier in the day to secure the bundle of rebar as it was being lowered, and that the Tillary respondents' failure to provide an appropriate safety device was a proximate cause of the plaintiff's injury (*see Fabrizi v 1095 Ave. of the Ams., L.L.C.*, 22 NY3d 658, 662-663 [2014]; *Andresky v Wenger Constr. Co., Inc.*, 95 AD3d 1247, 1249 [2012]). In opposition, the Tillary respondents failed to raise a triable issue of fact. Accordingly, the Supreme Court should have denied those branches of the Tillary respondents' cross motion which were for summary judgment dismissing the Labor Law § 240 (1) cause of action insofar as asserted against them, and should have granted the plaintiff's cross motion for summary judgment on the issue of liability on the Labor Law § 240 (1) cause of action insofar as asserted against the Tillary respondents.

With respect to the causes of action alleging common-law negligence and a violation of Labor Law § 200, the Tillary respondents established their prima facie entitlement to judgment as a matter of law "by demonstrating that the subject accident was caused by the means and methods of the plaintiff's work, that the plaintiff's work was directed and controlled by his employer, and that they had no authority to exercise

supervisory control over his work" (*Koat v Consolidated Edison of N.Y., Inc.*, 98 AD3d 474, 475-476 [2012]). In response, the plaintiff failed to raise a triable issue of fact with respect to Tillary's authority to exercise such supervisory control. As such, that branch of the Tillary respondents' cross motion which was for summary judgment dismissing the cause of action alleging common-law negligence and a violation of Labor Law § 200 insofar as asserted against Tillary was properly granted. With respect to Leviathan, however, the plaintiff's deposition testimony and affidavit raised a triable issue of fact as to whether the "supervisor" who was responsible in part for directing the workers to continue unloading the bundles manually following the issuance of the partial stop work order was one of Leviathan's employees. Accordingly, the Supreme Court should have denied that branch of the Tillary respondents' cross motion which was for summary judgment dismissing the common-law negligence and Labor Law § 200 cause of action insofar as asserted against Leviathan.

The parties' remaining contentions either need not be reached in light of our determination, are without merit, or are not properly before this Court. Rivera, J.P., Sgroi, Cohen and Barros, JJ., concur.