# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**89**
**CA 16-00985**
PRESENT: CARNI, J.P., LINDLEY, NEMOYER, TROUTMAN, AND SCUDDER, JJ.

---

JOSEPH T. GRABAR AND CAROL A. GRABAR,
PLAINTIFFS-RESPONDENTS,

V                                                    MEMORANDUM AND ORDER

NICHOLS, LONG & MOORE CONSTRUCTION CORP.,
DEFENDANT-APPELLANT.

---

BARCLAY DAMON LLP, BUFFALO (TYSON R. PRINCE OF COUNSEL), FOR
DEFENDANT-APPELLANT.

MAXWELL MURPHY, LLC, BUFFALO (ALAN D. VOOS OF COUNSEL), FOR
PLAINTIFFS-RESPONDENTS.

---------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (Timothy J. Drury, J.), entered January 20, 2016. The order, insofar as appealed from, denied that part of the cross motion of defendant for summary judgment dismissing the complaint with respect to the Labor Law § 240 (1) claim.

It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, defendant's cross motion is granted in its entirety, and the complaint is dismissed.

Memorandum: Plaintiffs commenced this Labor Law and common-law negligence action seeking damages for injuries sustained by Joseph T. Grabar (plaintiff) when the trailer on which plaintiff was standing tipped, and he fell. Plaintiff was on the bed of the trailer in order to place fuel in a welder that was located on the trailer, and it is undisputed that the trailer bed was approximately 20 inches from the ground. We agree with defendant that Supreme Court erred in denying that part of its cross motion for summary judgment dismissing the complaint with respect to the section 240 (1) claim, and we therefore reverse the order insofar as appealed from, grant the cross motion in its entirety, and dismiss the complaint.

We conclude that the trailer "did not present the kind of elevation-related risk that the statute contemplates" (*Toefer v Long Is. R.R.*, 4 NY3d 399, 408; *see Amantia v Barden & Robeson Corp.*, 38 AD3d 1167, 1168). Indeed, the injured plaintiff in *Tillman v Triou's Custom Homes* (253 AD2d 254, 257) fell from the truck bed on which he was working after it tipped due to flat tires, and we held that the Labor Law § 240 (1) cause of action should have been dismissed.

We reject plaintiffs' contention that our determination in *Doyle v Niagara Mohawk Power Corp.* (2 AD3d 1404) compels a different result. We take judicial notice of our records in that appeal and note that we agreed with Supreme Court that the plaintiff should have been provided with a ladder in order to tighten a coupling located above a tar kettle, rather than standing on the top of the tar kettle onto which tar had leaked, causing him to slip and fall. Here, however, plaintiff was not engaged in a task that entailed "a significant risk inherent in [it] because of the relative elevation at which the task must be performed" (*Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514). Labor Law § 240 (1) is applicable when "[t]he contemplated hazards are those related to the effects of gravity where protective devices are called for either because of a difference between the elevation level of the required work and a lower level or a difference between the elevation level where the worker is positioned and the higher level of the materials or load being hoisted or secured" (*Rocovich*, 78 NY2d at 514; *cf. Hyatt v Young*, 117 AD3d 1420, 1420; *Potter v Jay E. Potter Lbr. Co., Inc.*, 71 AD3d 1565, 1566-1567), neither of which is present here.

Entered:  February 10, 2017                              Frances E. Cafarell
                                                          Clerk of the Court