Ramos-Perez v Evelyn USA, LLC (2019 NY Slip Op 00629)





Ramos-Perez v Evelyn USA, LLC


2019 NY Slip Op 00629


Decided on January 30, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 30, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOHN M. LEVENTHAL
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2016-06437
 (Index No. 28733/10)

[*1]Felipe Ramos-Perez, appellant, 
v
Evelyn USA, LLC, et al., defendants, Robert Soha Retail, LLC, et al., respondents.


Ronemus & Vilensky LLP (Lisa M. Comeau, Garden City, NY, of counsel), for appellant.
Martyn Toher Martyn & Rossi, Mineola, NY (Thomas M. Martyn of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Robert L. Nahman, J.), entered May 5, 2016. The order, insofar as appealed from, granted that branch of the motion of the defendants Robert Soha Retail, LLC, and Soha Retail Equities, LLC, which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against them, and denied the plaintiff's cross motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against those defendants.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion of the defendants Robert Soha Retail, LLC, and Soha Retail Equities, LLC, which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against them is denied, and the plaintiff's cross motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against those defendants is granted.
The plaintiff allegedly was injured while he and a coworker were unloading flooring materials from the back of a truck at a construction site owned by the defendants Robert Soha Retail, LLC, and Soha Retail Equities, LLC (hereinafter together the Soha defendants). A hydraulic lift was being used to lower the flooring materials in pallets, or "skids," weighing approximately 2,500 to 3,000 pounds, from the bed of the truck to the ground, an elevation of approximately four feet. One of the skids, which had been loaded onto the lift, fell off the lift and struck the plaintiff.
The plaintiff commenced this personal injury action against the Soha defendants and others, alleging, inter alia, a violation of Labor Law § 240(1). The Soha defendants moved, among other things, for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against them. The plaintiff cross-moved for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the Soha defendants. In the order appealed from, the Supreme Court granted that branch of the Soha defendants' motion which was for summary judgment dismissing the cause of action [*2]alleging a violation of Labor Law § 240(1) insofar as asserted against them, and denied the plaintiff's cross motion.
" Labor Law § 240(1) was designed to prevent those types of accidents in which the scaffold, hoist, stay, ladder or other protective device proved inadequate to shield the injured worker from harm directly flowing from the application of the force of gravity to an object or person'" (Runner v New York Stock Exch., Inc., 13 NY3d 599, 604, quoting Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501). The plaintiff's evidence established, prima facie, that the Soha defendants violated Labor Law § 240(1) by failing to provide an appropriate safety device to secure the subject materials as they were being lowered, and that this failure was a proximate cause of the plaintiff's injury (see Fabrizi v 1095 Ave. of the Ams., L.L.C., 22 NY3d 658, 662; Treile v Brooklyn Tillary, LLC, 120 AD3d 1335, 1338; Mora v Boston Props., Inc., 79 AD3d 1109, 1110). In opposition, the Soha defendants failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Francis v Foremost Contr. Corp., 47 AD3d 672, 674).
Accordingly, the Supreme Court should have granted the plaintiff's cross motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the Soha defendants, and denied that branch of the Soha defendants' motion which was for summary judgment dismissing that cause of action insofar as asserted against them.
RIVERA, J.P., LEVENTHAL, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court