Shaw v Scepter, Inc. (2020 NY Slip Op 05651)





Shaw v Scepter, Inc.


2020 NY Slip Op 05651


Decided on October 9, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, TROUTMAN, AND DEJOSEPH, JJ.


713 CA 19-02232

[*1]MARK A. SHAW, PLAINTIFF-APPELLANT,
v
SCEPTER, INC., DEFENDANT-RESPONDENT. 






STANLEY LAW OFFICES, SYRACUSE (ANTHONY MARTOCCIA OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (CHRISTOPHER F. DEFRANCESCO OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Seneca County (Daniel J. Doyle, J.), entered October 16, 2019. The order granted the motion of defendant for summary judgment dismissing the complaint, and denied the cross motion of plaintiff for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion in part and reinstating the Labor Law § 240 (1) claim and the Labor Law § 241 (6) claim insofar as it is premised on alleged violations of 12 NYCRR 23-1.5 (c) (3) and 23-9.2 (a) and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries that he sustained while unloading a man lift from the back of a flatbed truck onto premises owned by defendant. In order to unload the lift, plaintiff climbed into the lift's basket, which extended from the body of the lift towards the front of the truck. The basket itself was one foot over the flatbed, and the flatbed was three feet off the ground. When plaintiff tried to maneuver the lift, it unexpectedly rolled off the back of the flatbed, falling to the ground and causing the basket to come crashing down onto the flatbed. Plaintiff now appeals from an order granting defendant's motion for summary judgment dismissing the complaint and denying plaintiff's cross motion for partial summary judgment on his Labor Law §§ 240 (1) and 241 (6) claims. We agree with plaintiff that Supreme Court erred in granting the motion with respect to the Labor Law § 240 (1) claim and the § 241 (6) claim insofar as it is premised on alleged violations of 12 NYCRR 23-1.5 (c) (3) and 23-9.2 (a). Therefore, we modify the order accordingly.
The court granted the motion with respect to the Labor Law §§ 240 (1) and 241 (6) claims on a ground not raised by defendant, i.e., that plaintiff was not engaged in an activity protected under the Labor Law. We agree with plaintiff that defendant was not entitled to summary judgment on that ground. To fall under the protection of section 240 (1), "the task in which an injured employee was engaged must have been performed during 'the erection, demolition, repairing, [or] altering . . . of a building or structure' " (Martinez v City of New York, 93 NY2d 322, 326 [1999]) or must have "involve[d] . . . such activities" (McMahon v HSM Packaging Corp., 302 AD2d 1012, 1013 [4th Dept 2003]; see Foots v Consolidated Bldg. Contrs., Inc., 119 AD3d 1324, 1325-1326 [4th Dept 2014]). Section 241 (6), similarly, "covers industrial accidents that occur in the context of construction, demolition and excavation" (Nagel v D & R Realty Corp., 99 NY2d 98, 103 [2002]; see also Foots, 119 AD3d at 1326).
Delivery of equipment is a covered activity if the equipment is being delivered to an active construction site (see generally Serrano v TED Gen. Contr., 157 AD3d 474, 475 [1st Dept 2018]; Hyatt v Young, 117 AD3d 1420, 1421 [4th Dept 2014]) or is being "readied for immediate use" (Sprague v Louis Picciano, Inc., 100 AD2d 247, 250 [3d Dept 1984], lv denied 62 NY2d 605 [1984]; see also Kusayev v Sussex Apts. Assoc., LLC, 163 AD3d 943, 944 [2d Dept 2018]). [*2]Delivery of equipment is not a covered activity if it is being delivered to an inactive construction site and is merely being "stockpil[ed] for future use" (Parot v City of Buffalo, 174 AD2d 1034, 1034 [4th Dept 1991]; see also Kusayev, 163 AD3d at 944).
Here, there is no dispute that plaintiff was delivering and unloading equipment at a work site. There is, however, no evidence regarding what was happening on that site. The deposition testimony submitted on the motion does not contain any information about when the project was to begin or if it had already started. Because it is unclear precisely " 'what type of work . . . plaintiff was performing at the time of the injury' " (Panek v County of Albany, 99 NY2d 452, 457 [2003]), we conclude that defendant is not entitled to judgment as a matter of law with respect to the Labor Law §§ 240 (1) and 241 (6) claims on the ground that plaintiff was not engaged in a protected activity (see Foots, 119 AD3d at 1325; see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
We also agree with plaintiff that the court erred in granting the motion with respect to the Labor Law § 240 (1) claim on the alternative ground that plaintiff was not subject to an elevation-related risk. "Labor Law § 240 (1) was designed to prevent those types of accidents in which the scaffold, hoist, stay, ladder or other protective device proved inadequate to shield the injured worker from harm directly flowing from the application of the force of gravity to an object or person" (Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501 [1993]; see Runner v New York Stock Exch., Inc., 13 NY3d 599, 604 [2009]). Although a fall from a flatbed truck generally does not present the sort of elevation-related risk that Labor Law § 240 (1) is intended to cover (see Toefer v Long Is. R.R., 4 NY3d 399, 408 [2005]; Grabar v Nichols, Long & Moore Constr. Corp., 147 AD3d 1489, 1489-1490 [4th Dept 2017], lv denied 29 NY3d 909 [2017]), we have distinguished those cases in which a falling object causes the injured worker to fall (see Hyatt v Young, 117 AD3d 1420, 1420-1421 [4th Dept 2014]; Potter v Jay E. Potter Lbr. Co., Inc., 71 AD3d 1565, 1566 [4th Dept 2010]). Here, it was the falling lift that caused plaintiff to fall onto the flatbed truck and sustain injury, and thus we conclude that the harm to plaintiff "flow[ed] directly from the application of the force of gravity" to the lift (Runner, 13 NY3d at 604; see generally Potter, 71 AD3d at 1566).
Although we agree with plaintiff that the court erred in granting the motion with respect to the Labor Law § 240 (1) claim for those reasons, we nevertheless reject plaintiff's contention that the court erred in denying his cross motion with respect to that claim (see generally Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 287 [2003]).
Furthermore, we agree with plaintiff that the court erred in granting the motion with respect to the Labor Law § 241 (6) claim insofar as it is premised on alleged violations of 12 NYCRR 23-9.2 (a) and 23-1.5 (c) (3) on the alternative grounds that plaintiff's reliance on the former was "misplaced" and that plaintiff's reliance on the latter was improper because it was first asserted in opposition to the motion. "A plaintiff asserting a cause of action under Labor Law § 241 (6) must demonstrate a violation of a rule or regulation of the Industrial Code which gives a specific, positive command, and is applicable to the facts of the case" (Rodriguez v D & S Bldrs., LLC, 98 AD3d 957, 959 [2d Dept 2012]; see Miles v Buffalo State Alumni Assn., Inc., 121 AD3d 1573, 1574 [4th Dept 2014]). Section 23-9.2 (a) is sufficiently specific, imposing "an affirmative duty on employers to 'correct[ ] by necessary repairs or replacement' 'any structural defect or unsafe condition' in equipment or machinery '[u]pon discovery' or actual notice of the structural defect or unsafe condition" (Misicki v Caradonna, 12 NY3d 511, 521 [2009]). Section 23-1.5 (c) (3) is also sufficiently specific (see Salerno v Diocese of Buffalo, N.Y., 161 AD3d 1522, 1524 [4th Dept 2018]), and imposes a similar duty (see 12 NYCRR 23-1.5 [c] [3]). Although plaintiff alleged a violation of section 23-1.5 (c) (3) for the first time in opposition to the motion, a plaintiff may be entitled to leave to amend his or her bill of particulars where, as here, he or she makes a showing of merit, raises no new factual allegations or legal theories, and causes the defendant no prejudice (see Tuapante v LG-39, LLC, 151 AD3d 999, 1000 [2d Dept 2017]; Jara v New York Racing Assn., Inc., 85 AD3d 1121, 1123 [2d Dept 2011]). Contrary to the parties' assertions, we conclude that there are issues of fact whether the lift was defective and, if so, whether defendant had the requisite notice of the defect, and those issues preclude summary judgment to either party with respect to the section 241 (6) claim insofar as it is premised on alleged violations of 12 NYCRR 23-9.2 (a) and 23-1.5 (c) (3) (see generally Misicki, 12 NY3d at 521). At his deposition, plaintiff testified that the lift could not be unloaded from the truck by using the truck's winch because the lift's freewheeling mechanism was [*3]defective, and he further testified that he reported the defect to his employer. Another employee, however, provided deposition testimony that he used the exact same man lift approximately 100 times and that it had no mechanical issues.
Entered: October 9, 2020
Mark W. Bennett
Clerk of the Court