Marino v Manning Squires Hennig Co., Inc. (2022 NY Slip Op 04856)

Marino v Manning Squires Hennig Co., Inc.

2022 NY Slip Op 04856

Decided on August 4, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, NEMOYER, AND BANNISTER, JJ.

481 CA 21-00072

[*1]JOSEPH MARINO, JR., PLAINTIFF-RESPONDENT,
v
MANNING SQUIRES HENNIG CO., INC., DEFENDANT-APPELLANT.
MANNING SQUIRES HENNIG CO., INC., THIRD-PARTY PLAINTIFF,
v
HIGHLAND MASONRY AND RESTORATION, INC., THIRD-PARTY DEFENDANT-APPELLANT. (APPEAL NO. 1.) 

KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (SAMANTHA V. CATONE OF COUNSEL), FOR DEFENDANT-APPELLANT AND THIRD-PARTY PLAINTIFF.
HURWITZ & FINE, P.C., BUFFALO (MARC A. SCHULZ OF COUNSEL), FOR THIRD-PARTY DEFENDANT-APPELLANT.
DOLCE PANEPINTO, P.C., BUFFALO (EDWARD L. SMITH, III, OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

 Appeals from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered December 23, 2020. The order, among other things, granted in part plaintiff's motion seeking, inter alia, partial summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying those parts of the motion seeking determinations that 12 NYCRR 23-1.7 (d), 23-1.7 (e), and 23-9.2 (a) are applicable to the facts of this case and were violated and that those violations constituted a failure to use reasonable care and seeking a determination that 12 NYCRR 23-9.8 (c) was violated and that the violation constituted a failure to use reasonable care, and as modified the order is affirmed without costs.
Memorandum: Plaintiff was injured when the forklift that he had been operating on a construction project began to roll backwards toward a nearby street. According to plaintiff, he had placed the forklift in neutral, put on the parking brake, and exited the vehicle to retrieve some materials. When plaintiff observed the forklift rolling backwards, he ran after it. Once he reached the forklift, plaintiff planted his foot on the ground and in his effort to enter the vehicle, his knee "popped." Plaintiff commenced this action for damages against defendant-third-party plaintiff, Manning Squires Hennig Co., Inc. (Manning), the general contractor of the construction project, asserting causes of action for, inter alia, violations of Labor Law § 241 (6). With respect to that cause of action, plaintiff alleges that Manning violated various Industrial Code provisions, including 12 NYCRR 23-1.7 (d), 23-1.7 (e), 23-9.2 (a), and 23-9.8 (c). Manning commenced a third-party action against plaintiff's employer—third-party defendant, Highland Masonry and Restoration, Inc. (Highland). Plaintiff moved for, inter alia, summary judgment on liability on the Labor Law § 241 (6) cause of action, seeking various determinations with respect thereto. In appeal No. 1, Manning and Highland appeal from an order that, inter alia, granted those parts of plaintiff's motion seeking determinations that the cited regulations were applicable to the case [*2]and had been violated as a matter of law and that the violations constituted a failure to use reasonable care. In appeal No. 2, Manning and Highland appeal from an order denying their motions seeking leave to renew their opposition to plaintiff's motion.
In appeal No. 1, we agree with Manning and Highland that Supreme Court erred in granting in its entirety that part of plaintiff's motion seeking determinations that the regulations were applicable to the case and had been violated as a matter of law and that the violations constituted a failure to use reasonable care. With respect to the alleged violation of 12 NYCRR 23-9.2 (a), that provision provides, in relevant part, that "[u]pon discovery, any structural defect or unsafe condition in [power-operated] equipment shall be corrected by necessary repairs or replacement." Recovery under Labor Law § 241 (6) for a violation of 12 NYCRR 23-9.2 (a) requires an "employer[]" to have "actual notice of the structural defect or unsafe condition" (Misicki v Caradonna, 12 NY3d 511, 521 [2009]; see Shaw v Scepter, Inc., 187 AD3d 1662, 1665 [4th Dept 2020]; Salerno v Diocese of Buffalo, N.Y., 161 AD3d 1522, 1523-1524 [4th Dept 2018]). Here, in support of his motion, plaintiff submitted conflicting deposition testimony, including his own testimony, on the issue whether a malfunction of the forklift's parking brake had occurred on a date prior to plaintiff's accident or whether the date of the accident was the first time any party was aware of the alleged faulty brake. Thus, plaintiff's own submissions raised a triable issue of fact whether 12 NYCRR 23-9.2 (a) applied to the facts of this case.
Additionally, we conclude that plaintiff failed to meet his burden of establishing that 12 NYCRR 23-1.7 (d) and (e) were applicable to the facts of this case. Those provisions apply to various designated work areas (see St. John v Westwood-Squibb Pharms., Inc., 138 AD3d 1501, 1502-1503 [4th Dept 2016]; see generally Steiger v LPCiminelli, Inc., 104 AD3d 1246, 1250-1251 [4th Dept 2013]; Bannister v LPCiminelli, Inc., 93 AD3d 1294, 1295-1296 [4th Dept 2012]). Here, in support of his motion, plaintiff submitted inconsistent deposition testimony on the specific location where he was injured and, thus, questions of fact exist whether plaintiff's injury occurred inside the construction area and, if so, whether it occurred on a surface contemplated by the relevant provisions (see generally St. John, 138 AD3d at 1502-1503; Ghany v BC Tile Contrs., Inc., 95 AD3d 768, 769 [1st Dept 2012]).
Inasmuch as plaintiff's submissions raised questions of fact on the alleged application of 12 NYCRR 23-9.2 (a), 23-1.7 (d), and 23—1.7 (e), the court should have denied plaintiff's motion insofar as it sought determinations that the cited regulations are applicable to the facts of this case and were violated and that the violations constituted a failure to use reasonable care, regardless of the sufficiency of the opposition papers (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). We therefore modify the order accordingly.
We further conclude that issues of fact exist as to the alleged violation of 12 NYCRR 23-9.8 (c). Initially, plaintiff met his burden of establishing that 12 NYCRR 23-9.8 (c), which provides in relevant part that "[e]very power-operated fork and lift truck shall be provided with a lockable brake," applied to this case and was violated (see generally Sharrow v Dick Corp., 233 AD2d 858, 860 [4th Dept 1996], lv denied 89 NY2d 810 [1997], rearg denied 89 NY2d 1087 [1997]). Plaintiff testified at his deposition that the forklift was equipped with a light that, when illuminated, indicated that the parking brake was engaged. He also testified that the parking brake light was on when he caught up to the runaway forklift, indicating that the brake had been engaged. In opposition, Manning and Highland failed to raise any issue of fact as to the applicability of 12 NYCRR 23-9.8 (c). However, Manning and Highland raised an issue of fact whether that regulation was violated. Manning and Highland submitted plaintiff's General Municipal Law § 50-h testimony, which conflicted with his deposition testimony on the issue whether the brake indicator light was activated during the incident and, thus, raised an issue of fact whether the parking brake was defective at the time of the incident. We therefore further modify the order by denying that part of the motion seeking a determination that 12 NYCRR 23-9.8 (c) was violated and that the violation constituted a failure to use reasonable care.
In light of our determination, we need not reach the remaining contention raised by Highland in appeal No. 1, and we dismiss appeal No. 2 as moot (see Kelsey v Hourigan, 175 AD3d 918, 919-920 [4th Dept 2019], lv denied 34 NY3d 913 [2020]).
Entered: August 4, 2022
Ann Dillon Flynn
Clerk of the Court