Andrade v 1203 E N.Y. Ave Owner, LLC
2026 NY Slip Op 03222
May 21, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Victor Andrade, Plaintiff-Respondent,
v
1203 E New York Ave Owner, LLC et al., Defendants-Appellants.

Decided and Entered: May 21, 2026
Index No. 154137/22|Appeal No. 6698|Case No. 2025-00725|
Before: Moulton, J.P., González, O'Neill Levy, Chan, Hagler, JJ.

Hogan & Cassell, LLP, Jericho (Michael Cassell of counsel), for appellants.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Jillian Rosen of counsel), for respondent.

[*1]
Order, Supreme Court, New York County (Mary V. Rosado, J.), entered on or about January 21, 2025, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment on his Labor Law § 240(1) claim, unanimously affirmed, without costs.
Supreme Court properly found that plaintiff's motion for summary judgment was not premature. Defendants' argument that they should have been provided with the opportunity to depose plaintiff's coworkers is improperly raised for the first time on appeal (see Green v Whole Foods Mkt. Group, Inc., 244 AD3d 588, 589 [1st Dept 2025]). Even if considered, defendants' argument is unavailing, as they have not "made an evidentiary showing that discovery may lead to evidence that would raise a triable issue to warrant denial of plaintiff[']s motion" (Harjo-Codd v Tishman Constr. Corp., 233 AD3d 542, 543 [1st Dept 2024]).
On the merits, Supreme Court properly granted plaintiff's motion for summary judgment on the Labor Law § 240(1) claim. Labor Law § 240(1) is violated when an object that is improperly hoisted falls (see Gallegos v Bridge Land Vestry, LLC, 188 AD3d 566, 567 [1st Dept 2020]). The record establishes that plaintiff was using a manual crane called a roustabout and acting as a counterweight by standing on the roustabout's legs when the approximately 1,000-pound column he was hoisting fell, leading to him being launched into the air and struck by either the roustabout or the column itself. This is sufficient to establish a violation of the statute (see Runner v New York Stock Exch., Inc., 13 NY3d 599, 604 [2009]). Plaintiff's failure to identify the actual object which struck him does not preclude summary judgment in his favor (see Harsanyi v Extell 4110 LLC, 220 AD3d 528, 529 [1st Dept 2023]), and it is immaterial whether or not he was directed to serve as a counterweight by the project foreman (see Penaranda v 4933 Realty, LLC 118 AD3d 596, 597 [1st Dept 2014]).
Supreme Court also properly determined that defendants failed to raise an issue of fact as to whether plaintiff was the sole proximate cause of his accident by standing on the legs of the roustabout. Even if it were true that plaintiff was directed not to stand on the legs of the roustabout, his decision to do so would at most amount to comparative negligence, which is not a defense to a Labor Law § 240(1) claim (see Mayorquin v Carriage House Owner's Corp., 202 AD3d 541, 542 [1st Dept 2022]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 21, 2026