■ GLENN SCOTT, Respondent-Appellant, v AMERICAN MUSEUM OF NATURAL HISTORY et al., Appellants-Respondents, et al., Defendant. [771 NYS2d 499]—

Order, Supreme Court, New York County (Leland DeGrasse, J.), entered March 13, 2003, which, inter alia, granted defendants-appellants' motion for summary judgment insofar as to dismiss plaintiff's claims for common-law negligence and violation of Labor Law §§ 200 and 240 (1), and all claims pursuant to Labor Law § 241 (6), except those against defendant American Museum of Natural History (Museum) predicated upon its alleged violation of 12 NYCRR 23-9.7 (d), unanimously modified, on the law, to grant defendants-appellants' motion to the further extent of dismissing plaintiff's Labor Law § 241 (6) claim premised upon an alleged violation of 12 NYCRR 23-9.7 (d), and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.

Plaintiff, a stone derrickman, was injured while engaged in

construction work on defendant Museum's premises when a forklift operated by a coworker backed up over his leg. Contrary to the motion court's holding, the safety regulation governing the backing up of "motor trucks" (12 NYCRR 23-9.7 [d]) is not applicable to the facts of this case since plaintiff's injury was caused by the operation of a forklift. The safety regulations governing forklifts, as opposed to "motor trucks," are specifically set forth in 12 NYCRR 23-9.8, and include no "backing" provision of the sort found in 12 NYCRR 23-9.7 (d). Accordingly, in view of the inapplicability of 12 NYCRR 23-9.7 (d) to the injury-producing activity, plaintiff's Labor Law § 241 (6) claim predicated upon that Code section should have been dismissed (*see Brown v New York City Economic Dev. Corp.*, 234 AD2d 33, 34 [1996]). The remaining portion of plaintiff's Labor Law § 241 (6) claim, predicated upon an alleged violation of 12 NYCRR 23-9.8 (*l*), which requires forklifts to be equipped with a driver-activated horn, whistle, gong or similar warning device, was properly dismissed by the motion court since the evidence demonstrates that the forklift involved in plaintiff's accident was, in fact, equipped with an operator-controlled horn.

Also properly dismissed were plaintiff's Labor Law § 200 and common-law negligence causes, since the evidence established that defendants-appellants did not have the authority and control over the injury-producing work necessary to support imposition of liability under such causes (*see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 352 [1998]; *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 505 [1993]). Although defendant Morse Diesel, in its capacity as construction manager, had general supervisory and coordinating responsibilities, it did not have the level of direct supervision and control over the injury-producing activity necessary to support a finding of liability for common-law negligence or violation of Labor Law § 200 (*see Dalanna v City of New York,* 308 AD2d 400 [2003]). Concur—Mazzarelli, J.P., Saxe, Lerner and Marlow, JJ.