■ GERARD F. FITZGERALD et al., Appellants, v NEW YORK CITY SCHOOL CONSTRUCTION AUTHORITY et al., Respondents, et al., Defendant. (And a Third-Party Action.) [796 NYS2d 694]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Schulman, J.), dated October 28, 2003, as granted that branch of the motion of the defendants New York City School Construction Authority, New York City Board of Education, and Pillar Construction, Inc., which was for summary judgment dismissing the causes of action alleging a violation of Labor Law § 241 (6) insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The injured plaintiff was performing certain construction work when a "rough terrain" forklift struck and ran over him while backing up. There was no flag or signal person present to guide the driver of the forklift as the driver backed into the area where the injured plaintiff was working.

The plaintiffs allege, inter alia, that the respondents violated Labor Law § 241 (6) by failing to comply with the safety regula-

tion set forth in 12 NYCRR 23-9.7 (d). 12 NYCRR 23-9.7 (d) states that: "[t]rucks shall not be backed or dumped in places where persons are working . . . unless guided by a person so stationed that he sees the truck drivers and the spaces in the back of the vehicles."

Labor Law § 241 (6) "imposes a nondelegable duty upon owners and contractors to provide reasonable and adequate protection and safety to construction workers" (*Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 878 [1993]; *see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 348 [1998]; *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501-502 [1993]). In order to recover damages on a cause of action alleging a violation of Labor Law § 241 (6), a plaintiff must establish the violation of an Industrial Code provision which sets forth specific safety standards (*see Ross v Curtis-Palmer Hydro-Elec. Co., supra* at 503-505).

The respondents established their prima facie entitlement to summary judgment by establishing that the safety regulation promulgated in 12 NYCRR 23-9.7 (d) is inapplicable to the facts of this case. In contrast to 12 NYCRR 23-9.7 (d), the safety regulation governing forklifts is set forth in 12 NYCRR 23-9.8, which contains no provision requiring that a person be stationed behind the forklift when it backs into an area where people are working (*see Scott v American Museum of Natural History*, 3 AD3d 442 [2004]). As the plaintiffs failed to raise a triable issue of fact, the Supreme Court properly granted the motion for summary judgment.

The plaintiffs' remaining contention is without merit. Cozier, J.P., Ritter, Santucci and Luciano, JJ., concur.