■ Maud Hricus et al., Appellants, v Aurora Contractors, Inc., et al., Respondents. (And a Third-Party Action.) [883 NYS2d 61]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (R. Doyle, J.), dated January 17, 2008, as granted that branch of the motion of the defendant School Construction Consultants, Inc., and that branch of the cross motion of the defendant Aurora Contractors, Inc., which were for summary judgment dismissing the Labor Law § 241 (6) cause of action insofar as asserted against each of them, and denied the plaintiffs' separate cross motion for summary judgment dismissing the defendants' affirmative defense alleging comparative negligence.

Ordered that the order is modified, on the law, by deleting the provisions thereof granting that branch of the motion of the defendant School Construction Consultants, Inc., and that branch of the cross motion of the defendant Aurora Contractors, Inc., which were for summary judgment dismissing so much of the Labor Law § 241 (6) cause of action as was premised upon a violation of 12 NYCRR 23-9.2 (a), and substituting therefor provisions denying those branches of the motion and cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

On May 22, 2003, the plaintiff Maud Hricus (hereinafter the plaintiff), a laborer then employed by the third-party defendant Cord Contracting Co., Inc., allegedly was injured while helping

an apprentice install sheetrock at a construction site in Farmingville. According to the plaintiff, the apprentice was at the controls of a forklift when the forklift jerked forward and briefly pinned the plaintiff against a beam. The defendant Aurora Contractors, Inc., was the general contractor, while the defendant School Construction Consultants, Inc., was the construction manager at the site. The plaintiff and her husband, suing derivatively, commenced this action against both defendants. The complaint included, inter alia, a Labor Law § 241 (6) cause of action.

The plaintiffs' contention that the Labor Law § 241 (6) cause of action is properly predicated on violations of 12 NYCRR 23-9.2 (b) (1) is without merit. "Labor Law § 241 (6) 'imposes a nondelegable duty upon owners and contractors to provide reasonable and adequate protection and safety to construction workers' . . . In order to recover damages on a cause of action alleging a violation of Labor Law § 241 (6), a plaintiff must establish the violation of an Industrial Code provision which sets forth specific safety standards" (*Fitzgerald v New York City School Constr. Auth.*, 18 AD3d 807, 808 [2005] [citations omitted]; *see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 349 [1998]; *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 503 [1993]). 12 NYCRR 23-9.2 (b) (1) is merely a general safety standard that does not give rise to a nondelegable duty under the statute (*see e.g. Berg v Albany Ladder Co., Inc.*, 40 AD3d 1282, 1285 [2007], *affd* 10 NY3d 902 [2008]).

Additionally, under the circumstances presented here, 12 NYCRR 23-9.8 (c) cannot constitute an appropriate basis for the Labor Law § 241 (6) cause of action. That provision mandates that "[e]very power-operated fork and lift truck shall be provided with a lockable brake. The load-elevating mechanism shall be capable of being locked at any elevation." In this matter, deposition testimony relied on by the defendants reflects that the plaintiff attributed the alleged accident to factors unrelated to problems with the braking mechanism. Indeed, her deposition transcript is devoid of any references to a brake problem, and to the extent that she asserts on appeal that certain testimony could be construed to imply such a problem, the testimony relied upon is speculative, and thus insufficient, to withstand summary judgment (*see generally Mondelli v County of Nassau*, 49 AD3d 826, 827 [2008]).

However, that portion of 12 NYCRR 23-9.2 (a) which imposes "an affirmative duty on employers to 'correct[ ] by necessary repairs or replacement,' 'any structural defect or unsafe condition' in equipment or machinery '[u]pon discovery' or actual no-

tice of the structural defect or unsafe condition," sets forth safety standards specific enough to permit recovery under Labor Law § 241 (6) (*Misicki v Caradonna*, 12 NY3d 511, 521 [2009]). Accordingly, the Supreme Court erred in awarding summary judgment to the defendants dismissing so much of the Labor Law § 241 (6) cause of action as was premised upon violation of 12 NYCRR 23-9.2 (a).

Since there are triable issues of fact as to whether the plaintiff was comparatively negligent (*see Edwards v C&D Unlimited*, 295 AD2d 310, 311 [2002]), the plaintiffs' separate cross motion for summary judgment dismissing that affirmative defense, as alleged by both of the defendants, was properly denied. Skelos, J.P., Santucci, Balkin and Leventhal, JJ., concur.