(February 8, 2017)

■ Gaynor Aragona, Respondent, v State of New York, Appellant. [47 NYS3d 115]—

In a claim to recover damages for personal injuries, the defendant appeals from an interlocutory judgment of the Court of Claims (Sise, J.), dated November 6, 2014, which, upon a decision of the same court dated August 26, 2014, made after a trial on the issue of liability, finding it 70% at fault in the happening of the accident, apportioned fault among the parties accordingly and directed a trial on the issue of damages.

Ordered that the interlocutory judgment is affirmed, with costs.

The defendant contracted with Modern Continental Construction Co., Inc. (hereinafter Modern), to do construction work on the Wantagh Parkway Bridge over the Sloop Channel. The claimant was employed by Modern as a dock builder and was injured when he tripped on a pad eye on the deck of a work barge as he was carrying materials along a corridor created by lumber and construction material. The claimant filed a claim pursuant to Labor Law § 241 (6) alleging a violation of 12 NYCRR 23-1.7 (e) (1), which provides in relevant part that "[a]ll passageways shall be kept free from accumulations of dirt and debris and from any other obstructions or conditions which could cause tripping." After a trial on the issue of liability, the Court of Claims determined that the claimant established his claim pursuant to Labor Law § 241 (6), found the defendant 70% at fault in the happening of the accident,

and entered an interlocutory judgment apportioning fault among the parties and directing a trial on the issue of damages. The defendant appeals.

"Labor Law § 241 (6) imposes a nondelegable duty upon owners and contractors to provide reasonable and adequate protection and safety to construction workers" (*Hricus v Aurora Contrs., Inc.*, 63 AD3d 1004, 1005 [2009] [internal quotation marks omitted]; *see Fitzgerald v New York City School Constr. Auth.*, 18 AD3d 807, 808 [2005]). "In order to recover damages on a cause of action alleging a violation of Labor Law § 241 (6), a plaintiff must establish the violation of an Industrial Code provision which sets forth specific safety standards" (*Hricus v Aurora Contrs., Inc.*, 63 AD3d at 1005 [internal quotation marks omitted]; *see Fitzgerald v New York City School Constr. Auth.*, 18 AD3d at 808). To establish liability under Labor Law § 241 (6), a plaintiff or a claimant must demonstrate that his injuries were proximately caused by a violation of an Industrial Code provision that is applicable under the circumstances of the case (*see Mercado v TPT Brooklyn Assoc., LLC*, 38 AD3d 732, 733 [2007]; *Rivera v Santos*, 35 AD3d 700, 702 [2006]). Contributory and comparative negligence are valid defenses to a Labor Law § 241 (6) claim (*see Misicki v Caradonna*, 12 NY3d 511, 515 [2009]).

Contrary to the defendant's contention, the record supports the Court of Claims' determination with regard to the defendant's liability pursuant to Labor Law § 241 (6) based on a violation of 12 NYCRR 23-1.7 (e) (1). The testimony and evidence established that the two-to-three-foot wide corridor in which the claimant tripped was created by piles of lumber and materials on each side, and was used by the claimant to get from one point of the barge to another. Based on this evidence, the court did not err in concluding that the claimant tripped in a passageway within the meaning of 12 NYCRR 23-1.7 (e) (1) (*see Lois v Flintlock Constr. Servs., LLC*, 137 AD3d 446 [2016]; *Aragona v State of New York*, 74 AD3d 1260 [2010]; *Canning v RFD 82nd St.*, 285 AD2d 439 [2001]).

Moreover, while a party is not entitled to recovery under Labor Law § 241 (6) based on a violation of 12 NYCRR 23-1.7 (e) (1) where the object he or she tripped over was an integral part of the construction (*see O'Sullivan v IDI Constr. Co., Inc.*, 7 NY3d 805 [2006]), here, contrary to the defendant's contention, the evidence established that the pad eye was not an integral part of the construction (*see Aragona v State of New York*, 74 AD3d 1260 [2010]; *cf. O'Sullivan v IDI Constr. Co., Inc.*, 7 NY3d 805 [2006]). Dillon, J.P., Miller, Hinds-Radix and Connolly, JJ., concur.