Padilla v Park Plaza Owners Corp. (2018 NY Slip Op 07317)





Padilla v Park Plaza Owners Corp.


2018 NY Slip Op 07317


Decided on October 31, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 31, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
BETSY BARROS, JJ.


2016-02687
 (Index No. 21281/08)

[*1]Benigno Padilla, appellant-respondent, 
v
Park Plaza Owners Corp., et al., respondents-appellants, New York Plumbing-Heating-Cooling Corp., respondent, et al., defendant.


Ronemus & Vilensky LLP (Lisa M. Comeau, Garden City, NY, of counsel), for appellant-respondent.
Fixler & LaGattuta LLP (Mauro Lilling Naparty LLP, Woodbury, NY [Matthew W. Naparty and Anthony F. DeStefano], of counsel), for respondents-appellants.
James J. Toomey, New York, NY (Eric P. Tosca of counsel), for respondent.
In an action to recover damages for personal injuries, the plaintiff appeals, and the defendants Park Plaza Owners Corp. and Metro Management and Development, Inc., cross-appeal, from an order of the Supreme Court, Kings County (Sylvia G. Ash, J.), dated January 12, 2016. The order, insofar as appealed from, (1) denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action insofar as asserted against the defendants Park Plaza Owners Corp., Metro Management and Development, Inc., and New York Plumbing-Heating-Cooling Corp., (2) granted those branches of the cross motion of the defendants Park Plaza Owners Corp. and Metro Management and Development, Inc., which were for summary judgment dismissing the Labor Law §§ 240(1) and 241(6) causes of action insofar as asserted against them, and (3) granted those branches of the separate cross motion of the defendant New York Plumbing-Heating-Cooling Corp. which were for summary judgment dismissing the Labor Law §§ 240(1) and 241(6) causes of action insofar as asserted against it. The order, insofar as cross-appealed from, in effect, denied, as academic, that branch of the cross motion of the defendants Park Plaza Owners Corp. and Metro Management and Development, Inc., which was for



DECISION & ORDER
summary judgment on their cross claim for common-law indemnification against the defendant New York Plumbing-Heating-Cooling Corp.
ORDERED that the order is reversed insofar as appealed and cross-appealed from, on the law, with one bill of costs to the plaintiff payable by the defendants Park Plaza Owners Corp. and Metro Management and Development, Inc., and the defendant New York Plumbing-Heating-Cooling Corp., appearing separately and filing separate briefs, that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action insofar as asserted against the defendants Park Plaza Owners Corp., Metro Management and Development, Inc., and New York Plumbing-Heating-Cooling Corp. is granted, those branches of the cross motion of the defendants Park Plaza Owners Corp. and Metro Management and Development, Inc., which were for summary judgment dismissing the Labor Law §§ 240(1) and 241(6) causes of action insofar as asserted against them are denied, those branches of the separate [*2]cross motion of the defendant New York Plumbing-Heating-Cooling Corp. which were for summary judgment dismissing the Labor Law §§ 240(1) and 241(6) causes of action insofar as asserted against it are denied, and that branch of the cross motion of the defendants Park Plaza Owners Corp. and Metro Management and Development, Inc., which was for summary judgment on their cross claim for common-law indemnification against the defendant New York Plumbing-Heating-Cooling Corp. is denied on the merits.
The plaintiff allegedly sustained personal injuries when he fell from the top of a temporary oil tank, which was approximately 12 to 16 feet high, at a building owned by the defendant Park Plaza Owners Corp. and managed by the defendant Metro Management and Development, Inc. (hereinafter together the Park Plaza defendants). The defendant New York Plumbing-Heating-Cooling Corp. (hereinafter New York Plumbing) had hired the plaintiff's employer to remove the oil from the temporary tank and clean it thereafter. The temporary tank had been connected to the building by New York Plumbing because there was a problem with the building's underground storage tank. Further, the temporary tank was being used while the building's heating system was being converted from oil to gas.
The plaintiff commenced this action to recover damages for personal injuries, alleging, inter alia, that the defendants violated Labor Law §§ 240(1) and 241(6). The plaintiff moved for summary judgment on the issue of liability against the defendants and the Park Plaza defendants cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them and on their cross claim for common-law indemnification against New York Plumbing. New York Plumbing separately cross-moved for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court, in effect, denied the plaintiff's motion in its entirety, granted those branches of the separate cross motions of the Park Plaza defendants and New York Plumbing which were for summary judgment dismissing the complaint insofar as asserted against them, and, in effect, denied, as academic, that branch of the Park Plaza defendants' cross motion which was for summary judgment on their cross claim for common-law indemnification against New York Plumbing. The plaintiff appeals, and the Park Plaza defendants cross-appeal.
Contrary to New York Plumbing's contention, the plaintiff demonstrated, prima facie, that New York Plumbing had the authority to exercise control over the plaintiff's work, even if it did not actually do so, and that New York Plumbing was therefore a proper defendant under the Labor Law (see Williams v Dover Home Improvement, 276 AD2d 626, 626; see also Russin v Louis N.

Picciano & Son, 54 NY2d 311, 317-318; Coque v Wildflower Estates Developers, Inc., 31 AD3d 484, 488). In opposition, New York Plumbing failed to raise a triable issue of fact.
Moreover, the plaintiff demonstrated that he was engaged in a protected activity under Labor Law §§ 240(1) and 241(6) when he was injured (see Labor Law §§ 240[1]; 241[6]; 12 NYCRR 23-1.4[b][13]; Soto v J. Crew Inc., 21 NY3d 562, 568-569; Cameron v City of Long Beach, 297 AD2d 773, 774; Sprague v Peckham Materials Corp., 240 AD2d 392, 393-394).
The plaintiff demonstrated his prima facie entitlement to judgment as a matter of law on the issue of liability on the Labor Law § 240(1) cause of action insofar as asserted against the Park Plaza defendants and New York Plumbing. The plaintiff submitted evidence that he fell from a 12-to 16-foot high surface, and that he had not been provided with safety devices to protect him from such a fall (see Labor Law § 240[1]; Striegel v Hillcrest Hgts. Dev. Corp., 100 NY2d 974, 978; Jock v Fien, 80 NY2d 965, 967; Hamilton v Kushnir Realty Co., 51 AD3d 864, 865). In opposition, neither the Park Plaza defendants nor New York Plumbing raised a triable issue of fact. Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action insofar as asserted against the Park Plaza defendants and New York Plumbing. The court also should have denied those branches of the separate cross motions of the Park Plaza defendants and New York Plumbing which were for summary judgment dismissing the Labor Law § 240(1) cause of action insofar as asserted against them.
The plaintiff's Labor Law § 241(6) cause of action was predicated on an alleged violation of 12 NYCRR 23-1.7(d) (see Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 351; [*3]Aragona v State of New York, 147 AD3d 808, 809). The Park Plaza defendants and New York Plumbing failed to establish, prima facie, that a slippery condition on the oil tank was not a proximate cause of the plaintiff's fall (see Aragona v State of New York, 147 AD3d at 809). Accordingly, the Supreme Court should have denied those branches of the separate cross motions of the Park Plaza defendants and New York Plumbing which were for summary judgment dismissing the Labor Law § 241(6) cause of action insofar as asserted against them.
Finally, the Park Plaza defendants did not demonstrate their prima facie entitlement to judgment as a matter of law on their cross claim for common-law indemnification against New York Plumbing, as their submissions did not establish, prima facie, that New York Plumbing exercised actual supervision over the plaintiff's work (see McCarthy v Turner Constr., Inc., 17 NY3d 369, 378). Accordingly, summary judgment was not warranted on this cross claim regardless of the sufficiency of New York Plumbing's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
AUSTIN, J.P., ROMAN, COHEN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court