**Sanchez v Consolidated Edison Co. of N.Y., Inc.**

2024 NY Slip Op 33223(U)

September 16, 2024

Supreme Court, New York County

Docket Number: Index No. 150985/2021

Judge: Paul A. Goetz

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    HON. PAUL A. GOETZ        PART        47

*Justice*

-----------------------------------------------------------------------------X

HERNANDO SANCHEZ

           Plaintiff,

       - v -

CONSOLIDATED EDISON COMPANY OF NEW YORK,
INC.,

           Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 150985/2021 |
| MOTION DATE | 03/07/2023 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 103, 104, 105, 106, 107

were read on this motion to/for        JUDGMENT - SUMMARY        .

Upon the foregoing documents, it is

In this personal injury Labor Law action, defendant, Consolidated Edison Company of New York, Inc. ("Con Ed") moves for summary judgment seeking dismissal of plaintiff's causes of action for Labor Law §§ 200, 240(1) and 241(6). Plaintiff opposes the motion and cross-moves for partial summary judgment for his Labor Law § 240(1) and Labor Law § 241(6) causes of action.

## BACKGROUND

Con Ed owned a warehouse located at 95 29th Street, Brooklyn, NY (NYSCEF Doc No 63 at ¶ 2-3). Con Ed hired non-party Breeze National Inc. ("Breeze") to carry out demolition work at the premises (*id.* at ¶ 3). Plaintiff was a Breeze employee who was working at the premises on January 20, 2021 (*id.* at ¶ 1). That day, plaintiff was tasked with cleaning up and picking up debris during demolition (*id.* at ¶ 8). Plaintiff was working alongside another employee who was operating a Bobcat construction vehicle equipped with a shovel/scooper

which was used to pick up and move large pieces of debris (*id*. at ¶ 9). Plaintiff was required to pick up debris by hand that could not be picked up with the Bobcat (*id*. at ¶ 11). Plaintiff alleges that while he was picking up debris, the Bobcat lifted up a cut cable on the ground which got caught on his foot lifting him into the air, causing him to fall onto his head and back (NYSCEF Doc No 63 at ¶ 12).

## DISCUSSION

*Summary Judgment Standard*

"It is well settled that 'the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact.'" (*Pullman v Silverman*, 28 NY3d 1060, 1062 [2016], quoting *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). "Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers." (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985] [internal citations omitted]). "Once such a prima facie showing has been made, the burden shifts to the party opposing the motion to produce evidentiary proof in admissible form sufficient to raise material issues of fact which require a trial of the action." (*Cabrera v Rodriguez*, 72 AD3d 553, 553-554 [1st Dept 2010], citing *Alvarez*, 68 NY2d at 342).

"The court's function on a motion for summary judgment is merely to determine if any triable issues exist, not to determine the merits of any such issues or to assess credibility." (*Meridian Mgmt. Corp. v Cristi Cleaning Serv. Corp.*, 70 AD3d 508, 510-511 [1st Dept 2010] [internal citations omitted]). The evidence presented in a summary judgment motion must be examined "in the light most favorable to the non-moving party" (*Schmidt v One New York Plaza Co.*, 153 AD3d 427, 428 [2017], quoting *Ortiz v Varsity Holdings, LLC*, 18 NY3d 335, 339

**150985/2021   SANCHEZ, HERNANDO vs. CONSOLIDATED EDISON COMPANY**            Page 2 of 13
**Motion No.  002**

2 of 13

[2011]) and bare allegations or conclusory assertions are insufficient to create genuine issues of fact (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 231 [1978]). If there is any doubt as to the existence of a triable fact, the motion for summary judgment must be denied (*id.*).

*Labor Law § 200 and Common Law Negligence*

Con Ed argues that plaintiff's Labor Law § 200 cause of action must be dismissed because the alleged injury occurred because of the means and methods employed to perform the work, and it did not exercise supervisory control over plaintiff's work. Plaintiff argues that there are questions of fact regarding whether Con Ed controlled the injury producing work. Plaintiff also argues that his Labor Law § 200 claim is viable under an unsafe condition theory of liability which does not require supervisory control.

Labor Law § 200(1) states that:

> All places to which this chapter applies shall be so constructed, equipped, arranged, operated and conducted as to provide reasonable and adequate protection to the lives, health and safety of all persons employed therein or lawfully frequenting such places. All machinery, equipment, and devices in such places shall be so placed, operated, guarded, and lighted as to provide reasonable and adequate protection to all such persons. The board may make rules to carry into effect the provisions of this section.

"Labor Law § 200(1) is a codification of the common-law duty of an owner or general contractor to provide workers with a safe place to work" (*Ortega v Puccia*, 57 AD3d 54, 60 [2d Dept 2008]). "Cases involving Labor Law § 200 fall into two broad categories: namely, those where workers are injured as a result of dangerous or defective premises conditions at a worksite, and those involving the manner in which the work is performed" (*id.* at 61)."Where a premises condition is at issue, property owners may be held liable for a violation of Labor Law § 200 if the owner either created the dangerous condition that caused the accident or had actual or constructive notice of the dangerous condition that caused the accident" (*id.*). When the defect

**150985/2021   SANCHEZ, HERNANDO vs. CONSOLIDATED EDISON COMPANY**
**Motion No.  002**

**Page 3 of 13**

3 of 13

which causes an injury is a temporary piece of equipment then the means and methods analysis is proper (see *Cappabianca v Skanska USA Bldg. Inc.*, 99 AD3d 139 [1st Dept 2012] [finding that a protruding bolt which was not removed after a temporary installation was removed was not a "defect inherent in the policy" and a means and method analysis was used]).

In contrast for a claim arising "out of alleged defects or dangers in the methods or materials of the work, recovery against the owner or general contractor cannot be had … unless it is shown that the party to be charged had the authority to supervise or control the performance of the work" (*id.*). Further, "no liability will attach to the owner solely because it may have had notice of the allegedly unsafe manner in which work was performed" (*Dennis v City of New York*, 304 AD2d 611, 611 [2d Dept 2003]). "Where a defect is not inherent but is created by the manner in which the work is performed, the claim under Labor Law § 200 is one for means and methods and not one for a dangerous condition existing on the premises" (*Villanueva v 114 Fifth Ave. Assoc. LLC*, 162 AD3d 404, 406 [1st Dept 2018]).

"To be held liable under Labor Law § 200 and for common-law negligence arising from the manner in which work is performed at a work site, a [defendant] must have actually exercised supervision and control over the work performed at the site" (*McLeod v Corp. of Presiding Bishop of Church of Jesus Christ of Latter Day Saints*, 41 AD3d 796, 798 [2d Dept 2007]). "General supervisory authority for the purpose of overseeing the progress of the work and inspecting the work product is insufficient to impose liability" (*id.*). "In order to impose liability upon it, a [defendant] must have had the authority to control the activity bringing about the injury so as to enable it to avoid or correct an unsafe condition." (*id.*).

Here, plaintiff alleges that the injury occurred because the Bobcat construction vehicle snagged a piece of wire which then wrapped around plaintiff's foot and lifted him in the air.

**150985/2021   SANCHEZ, HERNANDO vs. CONSOLIDATED EDISON COMPANY**
**Motion No.  002**

**Page 4 of 13**

4 of 13

Here, a means and methods analysis must be used because the alleged injury arose from the way the Bobcat was being operated rather than an inherent defect with the property. While, plaintiff argues that the allegedly unsafe operation of the Bobcat created a dangerous condition, "[w]here a defect is not inherent but is created by the manner in which the work is performed, the claim under Labor Law § 200 is one for means and methods and not one for a dangerous condition existing on the premises" (*Villanueva*, 162 AD3d at 406).

In support of its argument that it did not exercise supervisory control over plaintiff's work, Con Ed submits the contract between Con Ed and Breeze which states "[Breeze] shall be responsible to [Con Ed] for the adequacy of all demolition/abatement means, methods, techniques and procedures employed in the performance of the Work, and for coordinating all portions of the Work" (NYSCEF Doc No 75 at 5.6.7). Con Ed additionally submits plaintiff's deposition testimony in which he states that the only person who directed him on how to perform his work, was Breeze foreman, Claudio Campoverde (NYSCEF Doc No 71 at 21:23 – 22-2). While, plaintiff notes that Con Ed did have on-site supervisory personnel it "did not have the level of direct supervision and control over the injury-producing activity necessary to support a finding of liability for common-law negligence or violation of Labor Law § 200" (*Scott v Am. Museum of Nat. History*, 3 AD3d 442, 443 [1st Dept 2004]).

Accordingly plaintiff's Labor Law § 200 and common law negligence claims will be dismissed.

*Labor Law § 240(1)*

Con Ed argues that plaintiff's Labor Law § 240(1) claim must be dismissed because plaintiff's injury was not the result of a height/elevation related accident. Con Ed also argues that plaintiff's injuries were not the result of the failure of a safety device. Plaintiff contends that since his injury was caused by a piece of unsecured cable lifting him into the air, it is covered by Labor Law § 240(1) liability. Further, he argues that he does not have the burden of showing what safety device (if any) would have prevented his injuries.

**150985/2021   SANCHEZ, HERNANDO vs. CONSOLIDATED EDISON COMPANY**
**Motion No.  002**

Page 5 of 13

5 of 13

Labor Law § 240 (1), also known as the Scaffold Law (*Ryan v Morse Diesel*, 98 AD2d 615, 615 [1st Dept 1983]), provides, in relevant:

> "All contractors and owners and their agents . . . in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed."

"Labor Law § 240 (1) was designed to prevent those types of accidents in which the scaffold . . . or other protective device proved inadequate to shield the injured worker from harm directly flowing from the application of the force of gravity to an object or person" (*John v Baharestani*, 281 AD2d 114, 118 [1st Dept 2001], quoting *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501 [1993]). As such, the statute applies to incidents involving a "falling worker" or a "falling object" (*Harris v. City of New York*, 83 A.D.3d 104, 108 [1st Dep't 2011] [internal quotation marks omitted]).

The statute "is to be construed as liberally as may be for the accomplishment of the purpose for which it was thus framed" (*Zimmer v Chemung County Performing Arts*, 65 NY2d 513, 521 [1985], *rearg denied* 65 NY2d 1054 [1985] [internal quotation marks and citation omitted]). However, "not every worker who falls at a construction site, and not every object that falls on a worker, gives rise to the extraordinary protections of Labor Law § 240 (1)" (*Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 267 [2001]). "[T]he single decisive question is whether [a] plaintiff's injuries were the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential" (*Runner v NY Stock Exchange*, 13 NY3d 599, 603 [2009]). Therefore, in order to prevail on a section 240 (1) claim, the plaintiff must show that the statute was violated, and that this violation was a proximate

**150985/2021 SANCHEZ, HERNANDO vs. CONSOLIDATED EDISON COMPANY** **Page 6 of 13**
Motion No. 002

6 of 13

[* 6]

cause of the plaintiff's injuries (*Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 287 [2003]; *Felker v Corning Inc.*, 90 NY2d 219, 224-225 [1997]; *Torres v Monroe Coll.*, 12 AD3d 261, 262 [1st Dept 2004]). Once a plaintiff establishes that a violation of the statute proximately caused his or her injury, then an owner or contractor is subject to "absolute liability" (*see Wilinski v 334 E. 92nd Hous. Dev. Fund Corp.*, 18 NY3d 1, 7 [2011], citing *Misseritti v Mark IV Constr. Co.*, 86 NY2d 487, 490 [1995], *rearg denied* 87 NY2d 969 [1996]).

The types of injuries covered by Labor Law § 240(1) "are limited to such specific gravity-related accidents as falling from a height or being struck by a falling object that was improperly hoisted or inadequately secured" (*Ross v Curtis-Palmer Hydro-Electric Co.*, 81 NY2d 494, 501 [1993]). For example, "[t]he statute does not apply in situations in which a hoisting or securing device of the type enumerated in the statute would not be necessary or expected" (*Moncayo v Curtis Partition Corp.*, 106 AD3d 963, 965 [2d Dept 2013]). In *Toefer v Long Is. R.R.,* the Court of Appeals found that Labor Law § 240(1) was not implicated when plaintiff was injured by a beam which flew upward and knocked him airborne stating that "[h]is injury, horrendous as it is, is not attributable to the sort of elevation-related risk that Labor Law § 240 (1) was meant to address" (*Toefer v Long Is. R.R.*, 4 NY3d 399, 408 [2005]).

Similarly, here plaintiff was working on the ground level and was not being exposed to any falling objects, nor did the work he was tasked with performing expose him to an elevation differential hazard for which a safety device should have been employed. Accordingly, Con Ed cannot be found liable under Labor Law § 240(1) and this cause of action will be dismissed.

*Labor Law § 241(6)*

Con Ed argues that plaintiff's Labor Law § 241(6) claim must be dismissed because none of the specific Industrial Code provisions cited by plaintiff apply to this action. Plaintiff cites

**150985/2021    SANCHEZ, HERNANDO vs. CONSOLIDATED EDISON COMPANY**
**Motion No.  002**

Page 7 of 13

7 of 13

[* 7]

several Industrial Code provisions that he argues Con Ed violated, thus opening them up to liability on the Labor Law § 241(6) cause of action.

Labor Law § 241(6) states:

> All areas in which construction, excavation or demolition work is being performed shall be so constructed, shored, equipped, guarded, arranged, operated and conducted as to provide reasonable and adequate protection and safety to the persons employed therein or lawfully frequenting such places. The commissioner may make rules to carry into effect the provisions of this subdivision, and the owners and contractors and their agents for such work, except owners of one and two-family dwellings who contract for but do not direct or control the work, shall comply therewith.

"Labor Law § 241(6) imposes a nondelegable duty of reasonable care upon owners and contractors to provide reasonable and adequate protection and safety to persons employed in, or lawfully frequenting, all areas in which construction, excavation or demolition work is being performed" (*Ochoa v JEM Real Estate Co., LLC*, 223 AD3d 747, 749 [2d Dept 2024]). "To sustain a cause of action pursuant to Labor Law § 241(6), a plaintiff must demonstrate that his or her injuries were proximately caused by a violation of an Industrial Code regulation that is applicable to the circumstances of the accident" (*id*.). While, for a Labor Law § 200 claim "arising out of the means and methods of the work, the defendants must have exercised their authority to control the work in which the plaintiff was engaged … liability pursuant to Labor Law § 241(6) can attach regardless of such control" (*Ortega v Everest Realty LLC*, 84 AD3d 542, 545 [1st Dept 2011]).

A plaintiff is required to establish a breach of a provision of the Industrial Code, which gives a specific, positive command (*Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 349 [1998]). A provision of an industrial code which gives "a general directive … cannot serve as a

**150985/2021   SANCHEZ, HERNANDO vs. CONSOLIDATED EDISON COMPANY**
**Motion No.  002**

**Page 8 of 13**

8 of 13

[* 8]

predicate for liability under Labor Law § 241(6)" (*Garcia v 95 Wall Assoc., LLC*, 116 AD3d 413, 413 [1st Dept 2014]).

Plaintiff submits an affidavit from expert witness, Stuart K. Sokoloff who opined that defendants violated several sections of the New York State Industrial Code. In particular, plaintiff argues that sections 23-1.7(e)(2), 23-3.3(c), 23-3.4, 23-6.1(c)(1), 23-6.1(d) and 23-9.2(b)(1), and 23-9.2(c)(i) were violated. These sections must be addressed individually to assess their applicability.

*Industrial Code § 23-1.7(e)(2)*

Industrial Code § 23-1.7(e)(2) states "Working areas. The parts of floors, platforms and similar areas where persons work or pass shall be kept free from accumulations of dirt and debris and from scattered tools and materials and from sharp projections insofar as may be consistent with the work being performed."

"Section 23-1.7 (e) (2), which applies to tripping hazards in working areas ... is inapplicable [when] plaintiff ... tripped over demolition debris created by him and his coworkers, which was an integral part of the work being performed" (*Salinas v Barney Skanska Const. Co.*, 2 AD3d 619, 622 [2d Dept 2003]; see also *Castillo v Big Apple Hyundai*, 177 AD3d 473 [1st Dept 2019] [finding that Industrial Code § 23-1.7(e)(2) is inapplicable for a Labor Law § 241(6) claim when the plaintiff tripped over debris which he was tasked with removing]).

Here, because plaintiff was tasked with removing debris in connection with Breeze's demolition work, Industrial Code § 23-1.7(e)(2) is inapplicable since that provision's intent was to keep working areas free from debris that was not associated with demolition. Since, plaintiff tripped over a piece of wire which he and his coworkers were tasked with removing, it was an integral part of the work he was performing and therefore liability on the Labor Law § 241(6) claim cannot arise from a violation of Industrial Code § 23-1.7(e)(2).

*Industrial Code 23-3.3(c)*

Industrial Code 23-3.3(c) states:

150985/2021   SANCHEZ, HERNANDO vs. CONSOLIDATED EDISON COMPANY
Motion No.  002

Page 9 of 13

> During hand demolition operations, continuing inspections shall be made by designated persons as the work progresses to detect any hazards to any person resulting from weakened or deteriorated floors or walls or from loosened material. Persons shall not be suffered or permitted to work where such hazards exist until protection has been provided by shoring, bracing or other effective means.

This, "regulation requires 'continuing inspections against hazards which are created by the progress of the demolition work itself'" (*Campoverde v Bruckner Plaza Assoc., L.P.*, 50 AD3d 836, 837 [2d Dept 2008]). It does not however require "inspections of how demolition would be performed" (*id.*) Industrial Code 23-3.3(c) does not apply when "[t]he hazard which injured the plaintiff was the actual performance of the demolition work, not structural instability caused by the progress of the demolition" (*id.*).

Con Ed argues this section is not applicable because the injury occurred because of how the work was performed. However, plaintiff testified that the injury occurred because a wire which was laying on the ground, was still attached to ceiling (NYSCEF Doc No 71 at 47:17 – 48:2). As such, there is a triable issue of fact as to whether inspections were performed to determine if the wires, now exposed due to the ongoing demolition, posed a hazard to workers on the ground. Therefore, both the motion and cross-motion for summary judgment will be denied as to plaintiff's Labor Law § 241(6) claim predicated on Industrial Code 23-3.3(c) because there remains a question of fact whether inspections were performed to detect the hazard arising from loosened material – the wire attached to the ceiling.

*Industrial Code 23-3.4*

> The use of a swinging weight attached to the line of a crane boom, clamshell bucket, power shovel, bulldozer or any other mechanical device or equipment for the purpose of demolishing a building or other structure or any remaining portion thereof shall be in accordance with the following requirements:
>
> Structural stability. Walls, chimneys and other parts of any building or other structure shall not be left unsupported or unguarded in such condition that such parts may fall, collapse or be weakened by wind pressure or vibration.

**150985/2021  SANCHEZ, HERNANDO vs. CONSOLIDATED EDISON COMPANY**
**Motion No.  002**

**Page 10 of 13**

While plaintiff argues that this section is applicable because the wires that were hanging from the ceiling were left unsupported and unguarded, this provision is intended to protect workers from walls, chimneys, and other building material which may collapse or fall on workers. This provision is not intended to protect against the kind of accident plaintiff alleges caused his injuries. Therefore, plaintiff's Labor Law § 241(6) cannot be predicated upon Industrial Code 23-3.4.

*Industrial Code 23-6.1(c)(1)*

Industrial Code 23-6.1(c)(1) states, "Only trained, designated persons shall operate hoisting equipment and such equipment shall be operated in a safe manner at all times." While, plaintiff argues that the Bobcat was being operated in an unsafe manner, a "Labor Law § 241(6) claim fails … insofar as it is predicated on Industrial Code § 23–6.1(c)(1), since that provision is unquestionably general" (*Lopez v Halletts Astoria LLC*, 205 AD3d 573, 575 [1st Dept 2022]). Therefore, plaintiff's Labor Law § 241(6) cannot be predicated upon Industrial Code 23-6.1(c)(1).

*Industrial Code 23-6.1(d)*

Industrial Code 23-6.1(d) states:

> Loading. Material hoisting equipment shall not be loaded in excess of the live load for which it was designed as specified by the manufacturer. Where there is any hazard to persons, all loads shall be properly trimmed to prevent dislodgment of any portions of such loads during transit. Suspended loads shall be securely slung and properly balanced before they are set in motion.

This section is inapplicable because there is no evidence to suggest that the Bobcat was overly, or improperly loaded. Therefore, plaintiff's Labor Law § 241(6) cannot be predicated upon Industrial Code 23-6.1(d).

*Industrial Code 23-9.2(b)(1)*

Industrial Code 23-9.2(b)(1) states "All power-operated equipment used in construction, demolition or excavation operations shall be operated only by trained, designated persons and all such equipment shall be operated in a safe manner at all times." However, "Industrial Code § 23-9.2(b)(1) is 'merely a general safety standard that does not give rise to a nondelegable duty under the statute'" (*Sinai*

**150985/2021   SANCHEZ, HERNANDO vs. CONSOLIDATED EDISON COMPANY**
**Motion No.  002**

Page 11 of 13

11 of 13

*v Luna Park Hous. Corp.*, 209 AD3d 600, 601 [1st Dept 2022]). Therefore, plaintiff's Labor Law § 241(6) cannot be predicated upon Industrial Code 23-9.2(b)(1).

*Industrial Code 23-9.2(c)*

Industrial Code 23-9.2(c) states, "Power-operated material handling equipment shall not be loaded in excess of the manufacturer's design live load rating. All loads shall be properly trimmed to prevent dislodgment of any part of such loads during transit."

As with Industrial Code 23-6.1(d), this section is inapplicable because there is nothing in the allegation to suggest that the Bobcat was overly, or improperly loaded. Therefore, plaintiff's Labor Law § 241(6) cannot be predicated upon Industrial Code 23-9.2(c).

*Industrial Code 23-9.2(h)(2)(i)*

Industrial Code 23-9.2(h)(2)(i) states "Persons shall not ride on the loads, buckets, blades, slings, balls, hooks, or similar parts of power-operated equipment or machines." This section is inapplicable because there is no evidence that plaintiff or anyone else was riding on one of the enumerated parts of the Bobcat. Therefore, plaintiff's Labor Law § 241(6) cannot be predicated upon Industrial Code 23-9.2(h)(2)(i).

Accordingly it is,

ORDERED that the portion of Con Ed's motion for summary judgment on plaintiff's common law negligence, Labor Law § 200, and Labor Law § 240 causes of action is granted and the causes of action are dismissed; and it is further

ORDERED that the portion of Con Ed's motion for summary judgment on plaintiff's Labor Law § 241(6) cause of action predicated upon 23-1.7(e)(2), 23-3.4, 23-6.1(c)(1), 23-6.1(d), 23-9.2(b)(1), and 23-9.2(c)(i) is granted and denied to the extent that plaintiff's Labor Law § 241(6) claim is predicated on Industrial Code 23-3.3(c); and it is further

**150985/2021   SANCHEZ, HERNANDO vs. CONSOLIDATED EDISON COMPANY**
**Motion No.  002**                                                                    **Page 12 of 13**

12 of 13

[* 12]

ORDERED that the plaintiff's cross-motion for summary judgment is denied.

202409161/2742PG0ETZ1FE1AEE3A504A461E9CD1A93B7686E59E

9/16/2024
DATE

PAUL A. GOETZ, J.S.C.

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

150985/2021   SANCHEZ, HERNANDO vs. CONSOLIDATED EDISON COMPANY
Motion No.  002

Page 13 of 13

13 of 13