**Fuller v 2465 Broadway Assoc., L.L.C.**

2025 NY Slip Op 31073(U)

April 2, 2025

Supreme Court, Kings County

Docket Number: Index No. 508505/2019

Judge: Steven Z. Mostofsky

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part 9, of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at 360 Adams Street, Brooklyn, New York, on the 2nd day of April, 2025.

P R E S E N T:

HON. STEVEN Z. MOSTOFSKY,
Justice.

-----------------------------------------------------X

PAUL A. FULLER,

                Plaintiff,

     -against-

2465 BROADWAY ASSOCIATES, L.L.C., AND 212 W. 95th SALES OFFICE LLC AND UNITED MANAGEMENT,

                Defendants.

-----------------------------------------------------X

212 W. 95TH SALES OFFICE LLC and UNITED MANAGEMENT CORP.,

                Third-Party Plaintiffs,

     -against-

B&O RENOVATIONS, INC., FIRE CONTROL MANAGEMENT and THE GREAT HUDSON MECHANICAL,

                Third-Party Defendants.

-----------------------------------------------------X

Index No.: 508505/2019

The following e-filed papers read herein:

NYSCEF Doc Nos.:

Notice of Motion/Order to Show Cause/
Petition/Cross Motion and
Affidavits (Affirmations) Annexed_____
Opposing Affidavits (Affirmations)_____
Affidavits/Affirmations in Reply_____
Exhibits_____

    147-281
    248-281
    271-272
    Var.

-----------------------------------------------------

1

Paul Fuller (Plaintiff) commenced an action against defendant 2465 Broadway Associates, LLC (2465 Broadway) and defendant/third-party plaintiffs, 212 W. 95th Sales Office LLC and United Management Corp (Sales Office). The plaintiff alleges that the defendants violated Labor Law § 200, 240(1) and § 241(6). The plaintiff made a motion for summary judgment under the Labor Law § 240(1) and § 241(6) causes of action.

The defendants cross-move and seek summary judgment dismissing the plaintiff's claims under Labor Law § 200, § 240(1), and § 241(6).

## Statement of Facts

2465 Broadway owned the premises at 2465 Broadway. Sales Office leased space there to construct an office. Sales Office contracted with Fire Control Management to provide electrical work for the project. Fire Control Management retained its "partner" MNBC Electrical to perform the work under the contract. MNBC is not a party to this action.

The plaintiff alleges that on October 5th, 2018, while employed by MNBC Electrical, he sustained injuries when he fell from a ladder that twisted. The ladder belonged to an on-site non-party HVAC contractor. After the accident, they took the Plaintiff to Mount Sinai Medical Center Emergency Department in Manhattan.

## Legal Standard

"'[S]ummary judgment is a drastic remedy and should not be granted where there is any doubt as to the existence of a triable issue'" (*Rotuba Extruders, Inc v Ceppos*, 46 NY2d 223, 231 [1978], quoting *Moskowitz v Garlock*, 23 AD2d 943 [3rd Dept 1965]). "[T]he proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (*Alvarez v Prospect Hospital*, 68 NY2d 320, 324 [1986], citing *Winegrad v New York Univ Med Center*, 64 NY2d 851 [1985]). When evaluating a motion for summary judgment, "facts

2

must be viewed 'in the light most favorable to the nonmoving party'" (*Vega v Restani Const Corp*, 18 NY3d 499, 503 [2012]). "It is not the function of a court deciding a summary judgment motion to make credibility determinations or findings of fact, but rather to identify material triable issues of fact (or point to the lack thereof)" (*Vega v Restani Const Corp*, 18 NY3d at 505).

## Labor Law § 240(1)

Labor Law § 240(1), which provides, in pertinent part, as follows:

"All contractors and owners and their agents...who contract for but do not direct or control the work, in the erection, demolition, repairing, [or] altering . . . of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed."

It serves to protect construction workers "from the pronounced risks arising from construction work site elevation differentials" (*Runner v New York Stock Exch., Inc.*, 13 NY3d 599, 603 [2009]; *see also Rocovich v Consol. Edison Co.*, 78 NY2d 509, 514 [1991]; *Ross v Curtis-Palmer Hydro-Electric Co.*, 81 NY2d 494, 501 [1993]).

It applies to an injury that directly flows from the application of the force of gravity to an object or to the injured worker performing a protected task (*Gasques v State of New York*, 15 NY3d 869, 937 [2010]; *Vislocky v City of New York*, 62 AD3d 785, 78 [2d Dept, 2009], lv dismissed 13 NY3d 857 [2009]; *see also Ienco v RFD Second Ave., LLC*, 41 AD3d 537, 840 [2d Dept, 2007]; *Ortiz v Turner Constr. Co.*, 28 AD3d 627, 813 [2d Dept, 2006]; *Lacey v Turner Constr. Co.*, 275 AD2d 734, 735 [2d Dept 2000]; *Smith v Artco Indus. Laundries*, 222 AD2d 1028 [4th Dept, 1995]). That duty is non-delegable; therefore, owners, contractors, and their agents are liable for violations even if they have not exercised supervision and control over either the subject work or the injured worker (*Zimmer v Chemung County Performing Arts, Inc.*, 65 NY2d 513, 521 [1985].

3

The statute's application requires a commonsense approach to the realities of the workplace at issue" (*Salazar v Novalex Contr. Corp.*, 18 NY3d 134, 140 [2011]). Liability is contingent upon the existence of a contemplated hazard, such as the failure to use a proper safety device or its inadequacy of. (*Harrison v State of New York*, 88 AD3d 951, 952 [2d Dept, 2011], quoting *Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 267 [2d, Dept 2001]; *see also Gutman v City of New York*, 78 AD3d 886, 887 [2d Dep, 2010]). A violation requires that the plaintiff establishes both "a violation of the statute and that the violation was a proximate cause of his injuries" (*Skalko v Marshall's Inc.*, 229 AD2d 569, 570 [2d Dept, 1996], citing *Bland v Manocherian*, 66 NY2d 452, 488 [1985]; *Keane v Sin Hang Lee*, 188 AD2d 636, 591 N.Y.S.2d 521 [2d Dept, 1992]; *see also Rakowicz v Fashion Inst. of Tech.*, 56 AD3d 747, 86 [2d Dept, 2008]; *Zimmer*, 65 NY2d 513 at 524).

Here, Sales Office and 2465 Broadway have established their prima facie entitlement to judgment as a matter of law concerning their Labor Law § 240(1) cause of action as there is no evidence of a defective ladder. Plaintiff testified that he had no difficulties with the ladder before the accident, (NYSCEF Doc. No. 179 at 55:11-55:14; 57:22-58:2), that it was firmly standing when he walked up to the ladder, (*Id.* at 52:9-52:14; 64:19-64:23; 123:22-125:9; 145:16-145:21), and as plaintiff climbed the ladder, the ladder did not move or shake. (*Id.* at 65:3-65:6). While the plaintiff claims to have been working on a 12-foot ladder involved in the accident multiple times before the alleged incident, his supervisor, Mr. Eddy claims that the ladder was 10 feet. No photographs of the ladder were taken on the date of the accident, but rather, the next day, which showed a 10-foot A-frame ladder in a different position. However, whether the plaintiff was using the 10-foot or 12-foot ladder, the plaintiff inspected the ladder, deemed it safe and sturdy with the feet on a flat level surface, not on any debris, and undamaged. Nothing supports the

4

[* 4]

plaintiff's unsupported allegation that the ladder "twisted." The plaintiff did not hire an expert to examine or inspect the ladder following the accident. (NYSCEF Doc. 234 at 76:11-78:12).

In *Costello v Hapco Realty, Inc.*, 305 AD2d 445, 446-447 [2d Dept 2003] the court clarified that Labor Law § 240 (1) liability does not exist if "plaintiff's fall to the ground was the result of his having merely slipped off of a defect-free and properly secured ladder." Proof of a plaintiff's fall from a ladder, without more, is not sufficient to establish liability under Labor Law § 240 (1). (*Id.*). Here, the court finds that the plaintiff here did not prove that the ladder was defective.

Plaintiff has failed to meet their burden that a genuine issue of material fact exists. Therefore, the court grants Sales Office, and 2465 Broadway's motion for summary judgment dismissing the Labor Law 240 (1) claim.

## Labor Law § 241(6)

Labor Law § 241(6) "imposes a [non-delegable] duty of reasonable care upon owners and contractors to provide reasonable and adequate protection and safety to persons employed in, or lawfully frequenting, all areas in which construction, excavation, or demolition work is being performed." (*Song v. CA Plaza, LLC*, 208 AD3d 760, 761 [2d Dept 2022] [internal quotation marks omitted]). "'To establish liability, a plaintiff must demonstrate that his injuries were proximately caused by a violation of an applicable Industrial Code provision.'" (*Graziano v. Source Builders & Consultants, LLC*, 175 AD3d 1253, 1258 [2d Dept 2019], quoting *Aragona v. State of New York*, 147 AD3d 808, 809 [2d Dept 2018]).

Labor Law § 241(6) requires that a party must breach a "specific, positive command" rather than a "reiteration of common-law standards." (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 502 [1993]). *Ross* distinguished between Code provisions "mandating compliance with concrete specifications and those that establish general safety standards." (*Id.* at 505).

5

[* 5]

Sales Office and 2465 Broadway proved they did not violate any New York Industrial Code Rules:

Industrial Code § 23-1.7: References protection from general hazards, none of which are applicable to this case.

Industrial Code § 23-1.15: No safety railings were involved in this incident or were required for the work being performed by the plaintiff. Here, the plaintiff only worked on the A-frame ladder.

Industrial Code § 23-1.16: Plaintiff's alleged incident occurred on a ladder, and the plaintiff testified that he was not using such a device in this case as he was working on the A-frame ladder.

Industrial Code § 23-1.17: "Plaintiff was not using a life net at the time he fell." (*Bennion v. Goodyear Tire & Rubber Co.*, 229 A.D.2d 1003, [4th Dept, 1996]; *see also Buestan v. EAN Holdings, LLC*, 54 Misc. 3d 1224(A), 55 N.Y.S.3d 691 (Sup. Ct., Qns. Cnty. 2017); *Dzieran v. 1800 Bos. Rd., LLC*, 25 A.D.3d 336, 337, 808 N.Y.S.2d 36, 38 (1st Dept., 2006) ("sections, which set standards for safety railings, safety belts, and life nets, respectively, do not apply because plaintiff was not provided with any such safety devices"). The plaintiff used an A-frame ladder.

Industrial Code Section § 23-1.21(a-f): Refers to "Ladders and Ladderways." The entire section is inapplicable to this case. Under the subsections which pertain to portable ladders (subsection (b)(4)(i)), leaning ladders (subsections (b)(4)(ii), (b)(4)(iii), (b)(4)(iv) and (b)(4)(v)), wooden ladders (subsection (b)(5)), single ladders (subsection (c)), extension ladders (subsection (d)) and ladderways (subsection (f)), are inapplicable. The plaintiff was using an A-frame ladder, which he stated was proper, well-seated, and in good condition. He inspected the ladder before using it and found no deficiencies. (NYSCEF Doc. 154 at 51- 52, 57-58, 145).

6

Plaintiff contends that §23-1.21(b)(3)(iv): The plaintiff himself stated that the ladder was proper, well-seated, and in good condition. He inspected the ladder before using it, found no deficiencies, and used the ladder multiple times before the alleged accident. (NYSCEF Doc. 154 at 51- 52, 57-58, 145).

Industrial Code Section § 23-1.21(e): "Standing stepladders shall be used only on firm, level footings. When work is being performed from a step of a stepladder 10 feet or more above the footing, such stepladder shall be steadied by a person stationed at the foot of the stepladder or such stepladder shall be secured against sway by mechanical means." Here, the plaintiff states that as soon as he got to the third to last rung of the top of the ladder it twisted with him. (NYSCEF Doc. No. 137, at p.64:9-23). Thus, the plaintiff was well below the ten-foot threshold, contained in this provision to trigger the need for the stepladder to be steadied by a person or secured by mechanical means. (*See Nalepa v. S. Hill Bus. Campus, LLC*, 39 Misc. 3d 1231(A), 972 N.Y.S.2d 144 [Sup. Ct. 2013], aff'd, 123 A.D.3d 1190, 998 N.Y.S.2d 245 [2014]).

Industrial Code Section § 23-1.22: Refers to platforms, not ladders.

Industrial Code Section § 2.1: The plaintiff testified that the area was clean and clear of debris (NYSCEF Doc. No. 154, at p.100).

Thus, Sales Office and 2465 Broadway bear no liability under Labor Law § 200 and the cause of action is dismissed under CPLR.

## Labor Law § 200

An owner is liable under common law negligence or Labor Law § 200 where a plaintiff alleges that their injuries result from the means or methods by which their work is performed. (*Torres v City of New York*, 127 AD3d 1163, 1165 [2d Dept 2015]). Rather, when a claim arises out of alleged defects or dangers in the methods or materials of the work, recovery against the owner or general contractor cannot be had under Labor Law § 200 unless it is shown that the

7

party to be charged had the authority to supervise or control the performance of the work. (*Ortega v Puccia*, 57 AD3d 54, 61 [2d Dept 2008]). "'A defendant has the authority to supervise or control the work for purposes of Labor Law § 200 when that defendant bears the responsibility for the manner in which the work is performed'" (*Roblero v Bais Ruchel High School, Inc.*, 175 AD3d 1446, 1448 [2d Dept 2019], quoting *Ortega v Puccia*, 57 AD3d 54, 62 [2d Dept 2008]).

Here, Sales Office and 2465 Broadway established entitlement to summary judgment because they did not provide any equipment or directly control the means and methods of the plaintiff's work that caused his injury. (NYSCEF Doc. No. 179, at 4:9-14). An unnamed HVAC contractor provided the plaintiff's ladder, and plaintiff only took directions from his supervisor, Mr. Eddy. (NYSCEF Doc. No. 179, at 46:15-47:3; 52:7-52:8).

Thus, Sales Office and 2465 Broadway bear no liability under Labor Law § 200 and the cause of action is dismissed.

## Conclusion

This constitutes the decision and order of the court.

ENTER:

_____
J.S.C

Hon. Steven Z. Mostofsky
Justice, Supreme Court

8